STATE of Missouri ex rel. Sherwood GRAVES and Mary Graves, Relators,

v.

The Honorable Robert H. HOUSE, Judge of the 44th Judicial Circuit of Missouri, Respondent.

No. 12837.

Missouri Court of Appeals, Southern District, Division One.

March 8, 1983.

Motion for Rehearing or to Transfer Denied March 30, 1983.

Application to Transfer Denied May 31, 1983.

PRELIMINARY ORDER IN MANDA-
MUS, AS MODIFIED,
MADE ABSOLUTE

FLANIGAN, Presiding Judge.

This is a mandamus proceeding, (Rule 94),[1] in which the relators are Sherwood Graves and Mary Graves, his wife, and respondent is judge of the Circuit Court of Ozark County. This proceeding stems from civil action CV 580–13CC, (the underlying action), pending before respondent. In the underlying action Russell M. Reid is plaintiff and the Graveses are two of six defendants. In this court the Graveses sought, and obtained, a preliminary order in mandamus. Thereafter Russell M. Reid filed a timely answer to the petition in mandamus as permitted by Rule 94.06.

Essentially it is the position of the Graveses that respondent has a clear duty to dismiss the underlying action with prejudice and, indeed, that the action has *already* been dismissed with prejudice and that respondent exceeded his jurisdiction by entering a nunc pro tunc order which purported to dismiss the underlying action *without* prejudice. It is the position of Russell Reid that the trial court properly entered the nunc pro tunc order and properly overruled the Graveses' motion to quash that order. For reasons to be stated, this court holds that in view of the peculiar facts and the content of the pleadings in the underlying action, the trial court lacked jurisdiction to dismiss the action with prejudice on the motion of the Graveses and also lacked jurisdiction to dismiss the action without prejudice on the motion of Reid.

On February 4, 1980, plaintiff Russell Reid filed the original petition in the underlying action. On April 7, 1981, Reid filed an amended petition denominated "Petition to Declare Release of Deed of Trust Void and for Judgment on Note." On April 15, 1981, the Graveses, two of the six defendants, filed a motion to dismiss. One ground[2] of

C. Bradford Cantwell, David W. Ransin, Freeman, Fredrick, Bennett & Rogers, P.C., Springfield, for relators.

Richard T. Martin, Gainesville, Richard D. Moore, West Plains, for Russell M. Reid.

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. The Graveses make no claim that the other two grounds contained in the April 15 motion to dismiss received a ruling, favorable or other-

wise. That portion of the order of December 2, 1981, purporting to sustain the motion to dismiss makes it clear that the ground described in the opinion was the basis for the order.

that motion was that Exhibit A, attached to the amended petition, was defective in certain particulars.

The following docket entries in the underlying action require scrutiny and govern the outcome of this proceeding:

"Dec. 2, 1981—Motion to dismiss overruled; however, motion to dismiss is to be sustained on 12–23–81 if amended petition with proper Exhibit A is not filed herein.

Feb. 3, 1982—Motion to dismiss sustained—cause dismissed.

Mar. 26, 1982—Motion for nunc pro tunc order filed. Court grants said motion. Cause dismissed w/o prejudice on 2–3–82 although docket entry failed to reflect same.

May 4, 1982—[The Graveses] filed motion to quash the "nunc pro tunc" order entered March 26, 1982.

June 2, 1982—Motion to quash overruled."

The Graveses' first contention is that the underlying action was dismissed with prejudice on December 23, 1981. They claim that the failure of Reid to file an amended petition with proper Exhibit A on or before December 23, 1981, had the effect of executing, on the latter date, the order of December 2, 1981. On that premise the Graveses say that the proceedings of February 3, 1982, and March 26, 1982, were void because of the provision of Rule 75.01 limiting the period during which the trial court retains control over judgments to 30 days after entry of judgment.

What happened here did not amount to the entry of a final judgment of dismissal with prejudice on December 23, 1981.

■ It should be noted that the docket entry of December 2, 1981, is inconsistent with respect to the disposition of the motion to dismiss. The entry first recites that the motion is overruled. It then states, "However, motion to dismiss is to be sustained on December 23, 1981, if amended petition

with proper Exhibit A is not filed herein." Even if it is assumed, arguendo, that the inconsistency is not fatal to the purported ruling on the motion to dismiss,[3] and if that ruling is construed as a sustention of the motion to dismiss the amended petition, coupled with a specification of the time within which an amended pleading was to be filed, the Graveses' first contention has no merit.

Rule 67.06, dealing with "Final Dismissal on Failure to Amend," reads:

"On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered *on motion* except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default." (Emphasis supplied.)

The invalidity of the Graveses' first contention is demonstrated by the situation and holding in *Rosenfeld v. Telcom Engineering, Inc.*, 619 S.W.2d 811 (Mo.App.1981). There, in simplified form, the following events took place:

Feb. 1—Defendant filed motion to dismiss.

Feb. 6—Trial court sustained defendant's motion to dismiss but granted plaintiff until March 24 to amend his petition.

Mar. 28—Defendant filed motion to dismiss with prejudice pursuant to Rule 67.06.

Apr. 1—Plaintiff dismissed the action without prejudice pursuant to Rule 67.-01.

May 12—Trial court denied defendant's motion for dismissal with prejudice, stating that it lacked jurisdiction because plaintiff had previously dismissed without prejudice.

The defendant claimed that the dismissal with prejudice took place on March 24 be-

---

**3.** "Since two contradictory rulings on the same motion cannot co-exist in law as adjudications of equal verity, one or the other must fail." 60 C.J.S. Motions and Orders § 51, p. 73.

The docket entry of December 2, 1981, was not made by Judge House but by a predecessor who was later disqualified.

cause plaintiff failed to file an amended petition on or before that date. That argument was rejected. The eastern district of this court held that the trial court's action of May 12 was proper because plaintiff's dismissal without prejudice on April 1 was effective. The holding, in effect, was that a dismissal pursuant to Rule 67.06, which is the type of dismissal sought by the Graveses here, requires four steps: (a) The sustention of a motion to dismiss, coupled with the granting of leave to amend and the specification of a deadline for amending; (b) the failure to file timely an amended pleading; (c) the filing of the motion mentioned in the second sentence of Rule 67.06; (d) the entry of final judgment of dismissal with prejudice (except in cases of excusable neglect).

In the case at bar step (a), at least arguably, was taken, and so was step (b). Step (c) was not taken by the Graveses and of course step (d), under Rule 67.06, cannot be accomplished in the absence of step (c). The Graveses are wrong in contending that the underlying action was dismissed with prejudice on December 23, 1981, and their arguments founded on that invalid premise also fall.

For their second contention the Graveses claim that the order of February 3, 1982, had the effect of dismissing the action with prejudice because the order did not specify that the dismissal was without prejudice. The Graveses argue that the February 3 order was an involuntary dismissal and that under Rule 67.03 such a dismissal (with four exceptions inapplicable here) is one with prejudice "unless the court in its order for dismissal shall otherwise specify."

■ The flaw in this contention, the same flaw which afflicted the Graveses' first contention, is that the Graveses failed to follow step (c) under Rule 67.06. The court had no jurisdiction, merely on the basis of the motion to dismiss filed by the Graveses on April 15, 1981, to dismiss the

action with prejudice. Thus the Graveses are wrong in claiming that the order of February 3, 1982, was a dismissal with prejudice. It follows that the subsidiary contention of the Graveses need not be considered. That subsidiary contention is that the order of February 3 in its original form remains undisturbed because the trial court lacked jurisdiction to enter the nunc pro tunc order of March 26, 1982.

■ Russell Reid claims, however, that the order of February 3, 1982, had the effect of dismissing the action without prejudice. In support of that contention, which is invalid, Reid argues that the nunc pro tunc proceedings were proper and gave the order of February 3 the effect he attributes to it. In effect Reid is arguing that the February 3, 1982, order was a voluntary dismissal entered by the court pursuant to Reid's motion for nunc pro tunc relief.[4]

The record shows, and the Graveses and Reid agree, that the underlying action is the second civil action which Reid filed upon the same claim against the Graveses. The prior action was Case No. 2492 on the docket of the Circuit Court of Ozark County and that action was dismissed without prejudice by Reid.

Rule 67.01, dealing with voluntary dismissals, reads, in pertinent part: "... A party who has once so dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth."

The order of February 3, as purportedly modified nunc pro tunc, could not operate as a voluntary dismissal without prejudice by Reid because of the foregoing provision of Rule 67.01. Case No. 2492 had previously been dismissed without prejudice. Reid

4. There is no contention by the Graveses or Reid that the February 3, 1982, order, in its original or in its purportedly modified form, was the product of the inherent power, if any, which the trial court had to dismiss the action on its own motion. The entry of February 3,

1982, in its original or its modified form, makes it clear that the order of dismissal was entered pursuant to *someone's* motion—either the Graveses' motion to dismiss or Reid's motion for nunc pro tunc relief.

did not file a stipulation signed by the Graveses that the underlying action (CV 580–13CC) be dismissed without prejudice. Further, Reid did not file a motion setting forth "the ground for said dismissal" as contemplated by Rule 67.01.

Under the unusual‘ circumstances the trial court, in the underlying action, on February 3, 1982, lacked jurisdiction to enter an involuntary dismissal with prejudice (which the original form of the order purports to do) on the motion of the Graveses and also lacked jurisdiction to enter a voluntary dismissal without prejudice on the motion of Reid (which the modified form of the order purports to do).

The result is that the underlying action is still pending in the trial court and the order of February 3, 1982, both as originally entered and as purportedly modified, is void. The trial court should proceed with the underlying action. The order of February 3, 1982, both in its original and modified form, is set aside and civil action CV 580–13CC is reinstated. To effect those purposes, the preliminary order in mandamus, as modified in accordance with this opinion, is made absolute.

GREENE, C.J., and TITUS and CROW, JJ., concur.