**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, (formerly State Highway Commission of Missouri), Respondent,**

v.

**BOISE CASCADE CORPORATION, A Delaware Corporation, Exceptions of Helen M. Jackson, Appellant.**

No. 46257.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 24, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

---

John H. Lamming and J.B. Carter, Clayton, for appellant.

Donald L. Spry, Kirkwood, for respondent.

CRIST, Judge.

Defendant, Helen M. Jackson, appeals from the denial of her motion to set aside the dismissal of her exceptions in a condemnation suit. We affirm.

Defendant's exceptions were dismissed with prejudice on July 20, 1982 by reason of her attorney's (Joe B. Carter) failure to appear for trial.

A court has the inherent power to dismiss a case pending before it. Such dismissals are usually left to the sound judicial discretion of the court and its decision to dismiss an action for failure to prosecute with due diligence is presumed correct. The appellant has the burden of showing the dismissal was an abuse of the trial court's discretion. Rule 67.02; *Horobec v. Mueller*, 628 S.W.2d 942, 944 (Mo.App.1982).

Defendant has not met her burden of showing an abuse of discretion on the part of the trial court. Defendant's motion is lacking in evidentiary support. *Stewart v. Rowland Surveying Co., Inc.*, 636 S.W.2d 387, 388 (Mo.App.1982). We were not provided with a transcript of the hearing on the motion to set aside the dismissal. All we have before us is an uncountered affidavit of Attorney Carter and the record made by the trial court. See *Cloyd v. Cloyd*, 564 S.W.2d 337, 342–343 (Mo.App.1978).

The trial court's record shows this case was assigned to Division 18, Circuit Court of St. Louis County, Missouri, early in the afternoon of July 28, 1982. A docket clerk had advised the court that Carter had been notified at approximately noon that day that his case was the number one case.

Carter's affidavit shows he was notified shortly before 1:00 p.m. the day of the trial that his case was the next case on the trial docket for assignment. He states he attempted without success to reach plaintiff's attorney, Donald L. Spry at that time. At approximately 1:15 p.m. Carter left on an appointment with another lawyer and that lawyer's client, Mr. Levin.

The trial court's record shows Spry appeared in Division 18 at about 2:00 p.m. Carter's affidavit shows sometime between 2:30 p.m. and 2:45 p.m. his secretary reached him by telephone and advised him that he had been assigned to Division 18 for trial. Despite his obtaining the information concerning the trial setting, he remained at his appointment for another 30–45 minutes. He then left the home of Levin at 3:15 p.m., went to his office, picked up his file and proceeded to Division 18.

The trial court's record shows the court received a call from Carter's office at 2:45

p.m. saying Carter would be there at 3:15 p.m. It was past 3:45 p.m., when the trial court entered its order dismissing defendant's exceptions with prejudice for Carter's failure to appear. Prior to the court's dismissal of appellant's cause with prejudice, it procured a dismissal of respondent's exceptions to the Commissioner's report. Respondent dismissed its exceptions in reliance of court's actions as to appellant.

The record of the trial court on July 28, 1982 indicates, the trial court may have been hasty in dismissing defendant's exceptions, however, the only support of defendant's position is Carter's affidavit which adds little to the court's record. Carter knew he had been assigned out for trial, yet he left his office for an unexplained appointment. The affidavit offered no explanation for the meeting, and failed to mention whether or not it was something that could be postponed. He did not show why his secretary had not reached him prior to 2:30 to 2:45 p.m., nor why he waited 45 minutes thereafter to leave for court. Neither does he show why he did not appear in court at 3:15 p.m. as promised by his office. The distance from Levin's home to Carter's office and then to Division 18 was likewise not shown. The record does not show this affidavit was introduced into evidence at the August 24 hearing.

Defendant had ample opportunity to be heard at a full and complete hearing held on August 24, 1982. See, *Mullen v. Wise,* 583 S.W.2d 250 (Mo.App.1979). Those proceedings were not transcribed. The record on appeal does not show the trial court failed to follow the guidelines for exercising the legal discretion articulated in *Laurie v. Ezard,* 595 S.W.2d 336, 337–338 (Mo.App. 1980).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.