John GRAY, et al.,
Plaintiffs-Appellants,

v.

CHRYSLER CORPORATION, et al.,
Defendants-Respondents.

Nos. 50864, 50873.

Missouri Court of Appeals,
Eastern District,
Division Nine.

Aug. 19, 1986.

Harry J. Nichols, St. Louis, for plaintiff-appellant.

Robert T. Hart, St. Louis, for defendant-respondent.

David M. Uhler, Belleville, Ill., for plaintiffs-appellants.

Jospeh McGlynn, Jr., Belleville, for defendant-respondent Chrysler Corp.

Jane Clarke Hobbs, Burns, Marshall & Burns, Clayton, for defendant-respondent Paddock Chrysler-Plymouth, Inc.

KAROHL, Judge.

Plaintiffs John Gray and wife appeal dismissal with prejudice of two petitions for personal injuries based upon the theory of products liability against defendant Chrysler Corporation (Chrysler) as manufacturer and defendant Paddock Chrysler-Plymouth, Inc. (Paddock) as vendor of a motor vehicle. Plaintiffs alleged that by reason of defective design and manufacture the motor vehicle purchased by John Gray had a defective steering mechanism; that on October 19, 1978, John Gray sustained personal injuries while operating the motor vehicle and that the defects were the proximate cause of the casualty. Plaintiffs filed two law suits stating the same cause of action. The first was filed on September 17, 1980. After amending their first petition twice, plaintiffs appealed dismissal of the third amended petition in this suit. The second and separate petition was filed on December 3, 1984. The reason for filing the second suit will become apparent. It was also dismissed and plaintiffs, in the alternative, appeal that dismissal.

The basic facts are these. On September 17, 1980, plaintiffs filed a petition against defendant Chrysler and defendant Paddock which became St. Louis County Circuit Court Cause No. 447978. On February 11, 1981, plaintiffs filed a first amended petition in this suit. While defendants' motions for more definite statement or to dismiss were pending, plaintiffs furnished defendants with a second amended petition. Although no such petition appears to have been filed with the trial court, defendants filed separate motions to dismiss or to make more definite in response to plaintiffs' second amended petition. Defendant Chrysler's motion alleged generally that portions of the second amended petition were duplicative and that the pleadings were not sufficiently specific. Chrysler's motion requested that the court strike portions of the plaintiffs' pleadings and/or order plaintiffs to set out in specific and definite terms the allegations of negligence, the specific defects of design or manufacture or the specific breach of warranty. The motion did not pray for a dismissal. The separate motion of defendant Paddock alleged that plaintiffs had combined in one count a theory of strict liability and a theory of negligence which should be pleaded in separate counts; that the plaintiffs failed to state in what way the design or manufacture was defective; that the plaintiffs omitted pleading facts to support their theory. Defendant Paddock

asked dismissal or in the alternative a more definite and certain pleading.

On December 2, 1983, the trial court entered the following order on defendants' motions:

Defendants' motion to dismiss granted. Plaintiff granted 30 days to file amended petition. Cause removed from trial docket of Dec. 5th.

Plaintiffs did not file a third amended petition within the thirty day period provided in the December 2, 1983 order. On December 3, 1984, in Cause No. 447978, plaintiffs delivered to the Circuit Clerk of St. Louis County a third amended petition. On December 6, 1984, a circuit court memorandum was filed and reads, "Plaintiff, John Gray, files his 3d amendment (sic) petition." This memorandum bears the stamp of the clerk as having been filed on December 6, 1984, and an entry, "So ordered" by the initials of a circuit judge of St. Louis County. For some reason, not clear in the record, an alias summons was ordered to issue so that the third amended petition was thereafter served on defendant Chrysler and defendant Paddock.

In response to the third amended petition defendant Chrysler filed a motion to dismiss and alleged as grounds that the third amended petition was filed on December 3, 1984; that this filing took place more than thirty days after the order of December 2, 1983 and did not comply with that order; that the statute of limitations on plaintiffs' claim had expired since the date of the casualty and that the third amended petition should be stricken as untimely. Defendant Paddock filed a motion to dismiss solely on the ground that plaintiffs' third amended petition was not filed within the time provided in the dismissal order of December 2, 1983. Paddock's motion recited that the circuit clerk had closed the file before the third amended petition was filed. There was no express order of a judge to close the file.

On August 22, 1985, in case No. 447978, the court considered and sustained, without stating grounds, the motion of defendant Chrysler to dismiss. On October 30, 1985, the court sustained the motion of defendant Paddock to dismiss and denied a reconsideration of the dismissal for defendant Chrysler.

On December 3, 1984, plaintiffs filed a new petition on the same cause of action which was assigned cause No. 517097. We conclude that this filing was an attempt by the plaintiffs to preserve the cause of action as a re-filing within a period of one year under § 516.230 RSMo 1978 in the event the third amended petition in case No. 447978 was refused. Because the order of December 2, 1983 was granted solely on the grounds of the failure of the plaintiffs to state a cause of action and not on grounds relating to failure to prosecute or that no cause of action could be alleged, it was or must be considered as a dismissal without prejudice. December 2, 1984, was a Sunday. Accordingly, the filing of a new petition on Monday, December 3, 1984, would have been within one year of the dismissal if the order of December 2, 1983 were found to be a dismissal. The trial court dismissed this petition against defendant Chrysler on July 30, 1985, and against defendant Paddock on November 15, 1985. Because of the result we reach it is unnecessary to further consider the order of the court in this proceeding.

■ The first question to be decided is the nature and effect of the order of December 2, 1983. We find that it was not a dismissal of the cause of action. The order was authorized by the provisions of Rule 67.06. That rule authorizes the dismissal of a claim but instructs that the court shall freely grant leave to amend and specify the time within which the amendment shall be made or amended pleading filed. If not filed within the time allowed a final judgment with prejudice shall be entered *"on motion* except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default." (Emphasis added). In the present case, on December 2, 1983 the court sustained defendants' motions to dismiss on grounds of failure to state a cause of action and allowed plaintiffs thirty days to amend. The

amendment occurred, if at all, by a third amended petition filed not within thirty days but exactly one year after the date of the order. During the one year lapse defendants did not file any further motion for final judgment of dismissal with prejudice. Rather, the trial court granted leave to file the amended petition. The filing was "So ordered." After accepting the third amended petition the trial court ordered an alias summons to issue for the defendants. The answer to the first question presented by this appeal is that the order of December 2, 1983 was not a final judgment of dismissal with prejudice.

The second and decisive question which remains is whether the defendants were entitled to a dismissal of the third amended petition on motions filed after it was accepted by the trial court. We conclude that they were not. The motion of defendant Chrysler relies on the fact that the statute of limitations had expired before the third amended petition was filed and that the petition was untimely. It argues that Rule 67.06 requires the trial court to enter a final judgment of dismissal with prejudice if an amended petition is not timely filed. On the issue of the statute of limitations, we find that the statute was tolled by the original filing and that that ground will not support the ultimate dismissal. We also find that the acceptance of the untimely filing of the third amended petition was within the discretion of the trial court and, once filed, a motion for final judgment with prejudice based on Rule 67.06 was no longer viable. For the same reason the motion of defendant Paddock relying entirely on untimely amendment must fail. Rule 67.06 is inapplicable on the present facts and does not authorize or require dismissal of an untimely amended petition accepted by the court before a motion for final judgment is filed.

A court has inherent power to dismiss a case pending before it and such dismissals are usually left to the sound discretion of the court. *State ex rel. Mo. Highway v. Boise Cascade Corp.*, 655 S.W.2d 68, 69 (Mo.App.1983). The appel-lant bears the burden of showing the dismissal to be an abuse of trial court discretion. *Id.* and Rule 67.02. The trial court was not asked to dismiss the third amended petition on the authority of Rule 67.02 which relates to failure to prosecute or to comply with these rules or any order of the court. The order of December 2, 1983 granted plaintiffs leave to amend within thirty days but did not order that they do so on pain of dismissal with prejudice. The record discloses that there had been considerable discovery and that the trial court had set the case for trial before considering defendants' motions to dismiss the second amended petition resulting in the December 2, 1983 order. Except for the requirement that pleadings be amended there is no evidence of failure to prepare and prosecute the litigation or any violation of discovery orders. Accordingly, a dismissal on the authority of Rule 67.02 was not asked nor does it constitute any available and reasonable theory to support dismissal with prejudice. There was no abuse of discretion in permitting the late filing of the third amended petition.

Defendants' motions to dismiss the third amended petition on grounds of statute of limitations and untimely amendment under Rule 67.06 appear to recognize that the order of December 2, 1983 was not a dismissal of the original law suit. Plaintiff suffers a "non-suit" when a court order finally terminates the cause without prejudice. *Pennyrich, Inc. v. Lawton-Byrne-Bruner Ins.*, 613 S.W.2d 473, 474 (Mo.App. 1981). The order of December 2, 1983 was based solely on the grounds that plaintiffs had failed to state a cause of action. In this circumstance the dismissal must have been without prejudice because such dismissal is premised on the basis that no cause of action is before the court to which prejudice can attach. It follows that a dismissal based on an untimely amendment of a petition that fails to state a cause of action must be without prejudice unless within the provisions of Rule 67.06. We have held that that rule does not govern where between the first order and a re-

quest for final judgment an amended petition is filed by leave. This observation is made only to remove any doubt that if the order of December 2, 1983 was a dismissal, it was without prejudice and the filing of the second law suit, cause No. 517097, was improperly dismissed. It was filed within one year of December 2, 1983. § 516.230 RSMo 1978; Rule 44.01.

We reverse and remand for further proceedings in case No. 447978.

CRANDALL, P.J., and CRIST, J., concur.