**L.S.L. SYSTEMS, INC.,**
**Plaintiff-Appellant,**

v.

**MONSANTO CORPORATION,**
**Defendant-Respondent.**

**No. 51629.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 1987.

Irwin M. Roitman, Clayton, for plaintiff-appellant.

Kenneth R. Heineman, Louis Bonacorsi, M. Bradford Sanders, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from an order sustaining defendant's motion to dismiss its petition seeking compensation for services it performed and manufacturing expenses it incurred at defendant's request. We reverse and remand.

A recitation of the procedural history of this litigation is necessary for an understanding of the principal issue raised on appeal. Plaintiff originally filed a three-count petition on September 19, 1980, against defendant and Woodstock Representatives, Inc., in cause number 444642.[1] Only Count III sought judgment against defendant, and defendant moved to dismiss that count on December 12, 1980, asserting that plaintiff "lacks the legal capacity to sue." That motion was sustained by the court on December 12, 1980; however, plaintiff was granted fifteen days within which to file an amended petition. On December 29, "by leave of court," plaintiff was granted an additional fifteen days to file an amended petition. Plaintiff subsequently filed an amendment "by interlineation" on April 8, 1981, "by leave of court," and defendant filed a "motion to quash purported service of amendment by interlineation" on May 4; however, that motion was stricken from the motion docket on June 18, 1982 "by consent."

On July 8, 1983, plaintiff's cause was placed on the dismissal docket. It was removed from the dismissal docket on September 15, 1983, at which time plaintiff was granted "leave to file an amended petition within 45 days." Plaintiff filed a second amended petition on June 26, 1984, again in three counts and naming the same two defendants. On August 9, 1984, defendant filed a motion to dismiss Count III of plaintiff's second amended petition "because ... Plaintiff lacks the legal capacity to sue." The court entered an order on February 14, 1985, stating:

> Defendant Monsanto Corporation's Motion to Dismiss with prejudice denied.
>
> Plaintiff's Petition is dismissed without prejudice. Plaintiff granted 15 days to refile petition.

Counts I and II were voluntarily dismissed by plaintiff on February 28. However, instead of filing an amendment to Count III, plaintiff filed a new one count petition against defendant on March 1, 1985. The new petition, cause number 521155, contained averments similar to those in Count III of plaintiff's second amended petition in cause number 444642. Defendant filed a motion to dismiss the petition on May 24, 1985, asserting *inter alia* that plaintiff was barred from proceeding on the new petition by the principle of res judicata and that plaintiff did not state a claim upon which relief can be granted. The court sustained defendant's motion to dismiss without comment on April 24, 1986.

The principal issue confronting us is whether plaintiff's claim is barred by res judicata. Defendant argues that "the predecessor action, cause no. 444642, should be deemed to have been dismissed with prejudice ... after [plaintiff] failed at any time to properly file an amended petition." Defendant relies upon Rule 67.06, which states:

> On sustaining a motion to dismiss a claim, counterclaim or cross-claim the

---

1. Woodstock Representatives, Inc. apparently entered into a contract with defendant Monsan-to on a manufacturing project and plaintiff became a subcontractor to Woodstock.

court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered *on motion* except in cases of excusable neglect; in which case amendment shall be made promptly by the party in default.

(Emphasis ours.) In *State ex rel. Graves v. House*, 649 S.W.2d 498, 501 (Mo.App. 1983) the southern district stated:

[A] dismissal pursuant to Rule 67.06 ... requires four steps: (a) The sustention of a motion to dismiss, coupled with the granting of leave to amend and the specification of a deadline for amending; (b) the failure to file timely an amended pleading; (c) the filing of the motion mentioned in the second sentence of Rule 67.06; (d) the entry of final judgment of dismissal with prejudice (except in cases of excusable neglect).

We have carefully examined the record in this case, but are unable to find a motion to dismiss filed by defendant which cites Rule 67.06 or refers to plaintiff's failure to amend within the period specified by the court. As noted in *Graves*, a motion to dismiss based upon a plaintiff's failure to amend must be filed before dismissal can be ordered pursuant to Rule 67.06. Furthermore, it is evident that no final judgment of dismissal with prejudice was entered in cause number 444642. Indeed, the last order entered in that action dismissed plaintiff's second amended petition *without* prejudice.[2] We therefore hold that plaintiff's action is not barred by the principle of res judicata.

As an alternative basis for affirming the dismissal of plaintiff's case, defendant argues that plaintiff "failed to state a cause of action in quantum meruit in that [plaintiff] failed to plead that it conferred a benefit upon [defendant]." Of course plaintiff is not bound by any label it may attach to its petition. In deciding whether the petition was properly dismissed for failure to state a claim we must determine if the facts pleaded and reasonable inferences to be drawn from the allegations, when viewed in the light most favorable to the plaintiff, demonstrate any basis for relief. We must accept as true all facts averred in the petition, construe all averments liberally and favorably to the plaintiff and determine whether they invoke principles of substantive law upon which relief may be granted. *San Luis Trails Association v. E.M. Harris Building*, 706 S.W.2d 65, 67 (Mo.App.1986).

We believe that, liberally construed, plaintiff's petition states a cause of action for breach of contract. Plaintiff alleged that it was in the business of "custom metal fabrication," and that it "custom fabricated and manufactured One Thousand (1000) 'in process metal pallets' " for one of defendant's facilities. Plaintiff further alleged that defendant subsequently requested alterations in the engineering specifications for the pallets and modifications of those pallets already manufactured. Plaintiff averred that defendant "sent its agents and employees to [plaintiff's] premises ... during the production of the pallets to direct the production and inspection of the pallets in accordance with the design changes ordered by [defendant]." These changes and modifications were made with the understanding that defendant would "reimburse plaintiff directly for the added expenses and costs incurred ... in connection with [the] engineering and design changes." Plaintiff further alleged that defendant:

wrongfully paid Eighteen Thousand Dollars ($18,000.00) representing compensation for Plaintiff's direct additional manufacturing costs to Woodstock, Inc., a defunct Missouri corporation, notwithstanding Monsanto's promise to compensate Plaintiff directly for the additional

---

2. Although defendant contends that the dismissal of plaintiff's petition in cause number 444642 with prejudice was mandatory under the circumstances of that case, it cannot compel the court to dismiss cause number 444642 by filing a motion in cause number 521155; nor can it rely on a "judgment" which was never actually entered.

direct manufacturing costs incurred by Plaintiff.

The allegations are sufficient to state a cause of action for breach of contract, and the dismissal could not have been properly based upon failure to state a claim.

Reversed and remanded.

SMITH, P.J., and DOWD, J., concur.