Greg **HOUCK** by next friend Gary **HOUCK** and Gary Houck and Lois Houck, Appellants,

v.

Stephen P. **MORROW** and Jeanne M. Morrow, Respondents.

No. 16451.

Missouri Court of Appeals, Southern District, Division One.

March 21, 1990.

Abe R. Paul, Rhoades, Paul and Paul, Pineville, for appellants.

Jon Dermott and Theresa Ohler, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for respondents.

PARRISH, Judge.

This is an appeal from the trial court's dismissal of a fifth amended petition tendered for filing by appellants ("plaintiffs" in the trial court). The legal file discloses the following chronology with respect to the petitions filed, or tendered for filing, by appellants and the actions taken by the trial court with respect to those pleadings:

1. April 17, 1987—plaintiffs filed their initial petition;

2. November 15, 1987—plaintiffs' first amended petition is shown filed; however, leave was not granted by the trial court for its filing until November 16, 1987, at which time defendants were allowed 20 days to respond to the first amended petition;

3. December 11, 1987—leave was granted by the trial court for plaintiffs to file an amended petition; plaintiffs' second amended petition was filed;

4. December 21, 1987—leave was granted by the trial court for plaintiffs to file an amended petition;

5. June 6, 1988—plaintiffs' third amended petition was filed;

6. August 22, 1988—following rulings by the trial court on motions of defendants directed to the third amended petition, the trial court allowed plaintiffs 20 days in which to file an amended petition;

7. August 29, 1988—plaintiffs filed a fourth amended petition denominated as the "Fourth Amended Complaint;"

8. September 8, 1988—defendants filed motions to dismiss the fourth amended petition for failure to state claims upon which relief may be granted;

9. November 21, 1988—the trial court sustained the pending motions to dismiss and plaintiffs were allowed 20 days in which to file an amended petition;

10. February 1, 1989—plaintiffs filed a fifth amended petition denominated as "Fifth Amended Complaint;"

11. February 16, 1989—defendants filed their answer and a motion to dismiss the fifth amended petition for failure to state a claim upon which relief may be granted;

12. February 16, 1989—plaintiffs filed their motion for change of judge and for change of venue;

13. April 25, 1989—by stipulation of the parties, the case was transferred on change of venue from the Circuit Court of Newton County to the Circuit Court of Jasper County;

14. June 7, 1989—the pending motion to dismiss was heard by the trial court and taken under advisement;

15. June 14, 1989—the trial court granted the motion to dismiss plaintiffs' fifth amended petition and filed a memorandum regarding that determination.

Appellants appeal from the order of the trial court which dismissed the fifth amended petition, consisting of five separate counts. Appellants contend that the trial court committed error by dismissing the fifth amended petition, including each of its counts, for the reason that each count of the fifth amended petition stated a cause of action. For the reasons which follow, the appeal is dismissed and this case is remanded to the trial court.

Due to the protracted history of amended pleadings in this case, it is necessary to determine the significance, if any, of the fifth amended petition. There are three circumstances in which a party may amend a pleading. An initial pleading may be amended one time, without obtaining leave of court, before a responsive pleading is served by the adverse party or, if no responsive pleading is required and the case is not yet on a trial calendar, any time within 20 days after the pleading to be amended is served. A pleading may be amended at any time if written consent is given by the adverse party. A pleading may be amended at any time by leave of court. Rule 55.33(a).

■ On November 21, 1988, the trial court sustained respondents' motion to dismiss a fourth amended petition for failure to state claims upon which relief may be granted. The trial court gave appellants leave to file an amended petition within 20 days thereafter. No amended petition was filed within the time allowed. However, on February 1, 1989, appellants tendered to the circuit clerk a pleading denominated as "Fifth Amended Complaint." This was not an initial pleading; therefore, appellants were not entitled to amend their previous petition as a matter of right. The adverse parties had not given written consent to this amendment. The time for filing an amended pleading, in accordance with the leave of court that had been granted November 21, 1988, had long passed.[1] The "Fifth Amended Complaint" was not filed as permitted by Rule 55.33(a) and, therefore, it is surplusage and without significance. The trial court's purported order directed to a fifth amended petition is moot for the reason that the fifth amended petition is without significance.

■ Appellants argue that receipt of the fifth amended petition by the circuit clerk and the clerk's including it in the court file constituted the acceptance of the pleading by the trial court. Appellants argue that this waived the requirement of timeliness. They cite *Gray v. Chrysler Corp.*, 715 S.W.2d 282 (Mo.App.1986). Appellants' reliance on *Gray*, however, is misplaced.[2] In *Gray* the trial court had sus-

---

1. The trial court calculated that the fifth amended petition filed on February 1, 1989, was "nineteen (19) days out of time." However, plaintiffs were allowed 20 days next following November 21, 1988, in which to file an amended petition, i.e., until December 11, 1988. Since the fifth amended petition was not filed until February 1, 1989, the filing of that petition appears to have been 51 days beyond the December 11 deadline.

2. The provision in Rule 55.33 for a generous allowance of amendment is not a grant of mandatory right. *Boling v. State Farm Mutual Automobile Ins. Co.*, 466 S.W.2d 696, 699[4–6] (Mo. 1971). The decision of whether to give leave to amend a pleading is a matter discretionary to the trial court. *Willett v. Reorganized School Dist. No. 2*, 602 S.W.2d 44, 48 (Mo.App.1980). That discretion is wide. *Baker v. City of Kansas City*, 671 S.W.2d 325, 329[7–10] (Mo.App.1984);

tained a motion to dismiss a second amended petition for failure to state a cause of action and had allowed plaintiffs 30 days to amend. No amended petition was filed within the time prescribed. Exactly one year later a third amended petition was delivered to the circuit clerk, together with a circuit court memorandum which read, "Plaintiff, John Gray, files his 3d amendment (sic) petition." The memorandum had the stamp of the clerk as having been filed and, further, had the entry "So ordered" followed by the initials of a circuit judge. *Id.* at 284.

In *Gray* leave to file the third amended petition out of time was granted by the trial court. This was done by means of the memorandum submitted with the third amended petition showing the filing of that petition as ordered by the circuit judge whose initials appeared on the memorandum. In this case, appellants neither sought nor obtained leave to file a fifth amended petition after the initial period allowed by the trial court had expired.[3] The ministerial act performed by the circuit clerk in receiving a fifth amended petition, stamping it "filed," and placing it in the court file did not constitute the granting of leave of court to amend a prior pleading.

■ The posture of this case is: (1) a fourth amended petition that had been properly filed was dismissed November 21, 1988, when the trial court sustained pending motions to dismiss for failure to state a claim upon which relief may be granted; (2) no further amendment was made within the time permitted by the trial court; and (3) the June 14, 1989, order of the Circuit Court of Jasper County, which appellants assert as the basis for this appeal, was moot and of no effect.

*Semo Grain Co. v. Oliver Farms, Inc.,* 530 S.W.2d 256, 259 (Mo.App.1975).

**3.** It is noteworthy that not only did appellants' counsel not seek leave of court to further amend the pleading, but immediately after the defendants (respondents here) filed a motion objecting to the untimely amendment, appellants filed a motion for change of judge.

**4.** Rule 67.06 states:

The effect of sustaining the motions to dismiss directed to the fourth amended petition is explained by Rule 67.06.[4] The granting of the motions to dismiss directed to the fourth amended petition did not result in the dismissal of causes of action. *Id.* The failure to thereafter file a further amended petition within the time allotted did not result in dismissal of causes of action. *State ex rel. Graves v. House,* 649 S.W.2d 498, 500–01 (Mo.App.1983). Rather, those are but two of four steps which, cumulatively, can result in dismissal of causes of action represented by the petition. The four steps which, pursuant to Rule 67.06, result in the dismissal of a cause of action are:

(a) The sustention of a motion to dismiss, coupled with the granting of leave to amend and the specification of a deadline for amending;

(b) the failure to file timely an amended pleading;

(c) the filing of the motion mentioned in the second sentence of Rule 67.06;

(d) the entry of final judgment of dismissal with prejudice (except in cases of excusable neglect).

*Id.* at 501; Rule 67.06.

Steps (a) and (b) occurred as follows. The trial court sustained respondents' motion to dismiss appellants' fourth amended petition and gave appellants leave to file a fifth amended petition within 20 days thereafter. Appellants failed to timely file a fifth amended petition. No further steps were taken to seek dismissal of appellants' causes of action.

■ The trial court's purported dismissal of a fifth amended petition is without meaning. The document it purported to dismiss was without effect. The fourth amended petition was properly filed. It

On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default.

stands as dismissed. Any further action with respect to any causes of action represented by that fourth amended petition, upon proper request of a party, lies with the trial court.[5] The appeal is dismissed and the case remanded to the trial court.

CROW, P.J., and PREWITT, J., concur.

---

**5.** Respondents contend that Rule 67.02 was violated by appellants' failure to file a fifth amended petition within the time allowed by the trial court. They urge that the dismissal of the fifth amended petition was, therefore, an effective dismissal of any causes of action represented by the fourth amended petition. However, the ruling of the trial court with respect to the fifth amended petition was not based upon failure of appellants to prosecute or failure to comply with applicable rules of court or any court order. Rule 67.02 is not applicable.