**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert Leslie LIEURANCE, Defendant–Appellant.**

No. 17841.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 2, 1992.

Motion for Rehearing or Transfer to Supreme Court Denied Nov. 24, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Irene Karns, Jefferson City, William A. Hyde, St. Louis, Thad Burrows, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Robert V. Franson, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

PARRISH, Chief Judge.

Robert Lieurance (petitioner) was found to be a criminal sexual psychopath on Sep-

tember 6, 1979, and committed to State Hospital No. 1 at Fulton, Missouri, in accordance with § 202.730, RSMo 1978 (repealed 8–13–80).[1] This appeal arose from a proceeding whereby petitioner sought his release pursuant to § 632.475, RSMo 1986.[2] The trial court denied petitioner's Application for Release. This court affirms.

Petitioner has stated five points on appeal. Three points challenge the constitutionality of statutes. One point is directed to the trial judge's failure to rule on the constitutional issues that petitioner now attempts to raise on appeal. The remaining point asserts that the state had the burden to show that petitioner "would be sexually dangerous if released" and that the state failed to do so. Petitioner has also filed a motion requesting that this case be transferred to the Supreme Court of Missouri because the appeal involves a constitutional challenge to the validity of statutes. That motion was taken with the case.

On April 30, 1990, a court-appointed attorney filed his entry of appearance for petitioner. On June 27, 1990, he filed an Application for Release on behalf of petitioner. A pleading denominated "Amended Application for Release" apparently was attempted to be filed August 2, 1990.[3]

The first issue to be addressed relates to the points on appeal by which petitioner has attempted to raise constitutional issues and to petitioner's Motion for Transfer to the Supreme Court of Missouri. The applicable points on appeal are petitioner's second, fourth and fifth points. The second point attacks the constitutionality of the statute pursuant to which petitioner was originally committed to the state mental hospital as a sexual psychopath, § 202.730, RSMo 1978. The fourth point contends that the statute which affords petitioner

1. § 202.730, RSMo 1978, provided that a person charged with a criminal offense could be committed "to state hospital no. 1 at Fulton where he shall be detained and treated" if that person was "found by the court or the jury to be a criminal sexual psychopath."

2. Petitioner had been unsuccessful in a previous attempt to secure release. *See State v. Lieurance,* 780 S.W.2d 692 (Mo.App.1989).

3. The legal file that is part of the record on appeal includes a copy of a pleading entitled "Amended Application for Release." There is a date stamp on the face of the pleading that indicates it was filed August 2, 1990. However, the copies of the docket sheets that are part of the legal file do not show that an Amended Application for Release was filed nor is there a copy of any order in the legal file granting leave to file an amended pleading.

the right to seek release, § 632.475, RSMo 1986, does not afford petitioner due process of law. The fifth point also attacks the constitutionality of § 632.475, RSMo 1986, by asserting that § 632.475 is unconstitutional because the classification of petitioner as a sexual psychopath, which is the basis for his continued confinement under the terms of that statute, "is not rationally related to the purpose of the statute."

■ The state contends that petitioner failed to raise any claims of unconstitutionality of statutes before the trial court. For that reason, the state argues that petitioner's points II, IV and V and the Motion for Transfer to the Supreme Court of Missouri should be denied.

The Application for Release filed June 27, 1990, did not challenge the constitutionality of any statute. The pleading that was denominated "Amended Application for Release" did make such challenges. It claimed that the statutes about which petitioner now complains were unconstitutional. The purported Amended Application for Release, however, was not timely filed.

The amendment of pleadings is governed by Rule 55.33.

> There are three circumstances in which a party may amend a pleading. An initial pleading may be amended one time, without obtaining leave of court, before a responsive pleading is served by the adverse party or, if no responsive pleading is required and the case is not yet on a trial calendar, any time within 20 days after the pleading to be amended is served. A pleading may be amended at any time if written consent is given by the adverse party. A pleading may be amended at any time by leave of court. Rule 55.33(a).

*Houck by Houck v. Morrow*, 786 S.W.2d 604, 606 (Mo.App.1990).

The petition in this case, a petition for release pursuant to § 632.475.2, RSMo 1986, does not require a responsive pleading. Leave of court to file an amended pleading was not obtained. Thus, for the amended pleading to have been timely filed, it would have had to have been filed within 20 days next following the date when the pleading it seeks to amend was served. The certificate of service on the application for release reflects that service of that pleading was had "upon the attorneys of record for each party to [this] action ... by leaving [a copy of the petition] in the business office of said attorneys with a secretary thereof" on June 28, 1990.[4] The amended application was not filed "within 20 days after the pleading to be amended was served" and was, therefore, without effect. *Houck*, 786 S.W.2d at 607.

■ Petitioner counters in his reply brief that the state "remain[ed] silent for the year between the filing of the amendment and the hearing, and fail[ed] to complain to the trial court about the amendment." He argues that the state, not petitioner, was at fault for "failing to properly raise an issue before the trial court," and, therefore, that he should be entitled to raise the issue of constitutionality of the challenged statutes before this court on appeal.

That argument is not valid. Petitioner was the proponent of the thwarted pleading, not the state. The pleading was a nullity. The state had no duty to respond to it.

■ The constitutional issues were never before the trial court. They are not cognizable on appeal. *See Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982). Petitioner's points II, IV and V are denied.[5] Petitioner's Motion to Transfer to the Supreme Court of Missouri is denied.

---

4. Petitioner submitted a letter that was received by the trial court on April 19, 1990, in which he requested that he be released. After an initial paragraph, petitioner's letter indicated that it was intended to be an application for release. However, the letter was not an acceptable pleading in that it contained no caption as required by Rule 55.02. Petitioner's attorneys have not claimed that the letter was a valid petition. His attorneys have appropriately relied upon the June 27, 1990, pleading as the initial application for release that was before the trial court.

5. The state also contends that the "points on appeal" in petitioner's brief that relate to the constitutional issues are defective. It contends that those points fail to comply with requirements of Rule 84.04(d). It is unnecessary to reach that issue in order to dispose of this appeal. It is, nevertheless, appropriate to sug-

■ Petitioner's first point states, "The trial court's refusal to rule on [petitioner's] constitutional claims may mean that its decision is not a final appealable judgment." That point does not comport with the requirements of Rule 84.04. "[T]he point is a mere abstract assertion in that it does not state why the actions [or, in this case, the inaction] ... complained about are in error." *Bentlage v. Springgate*, 793 S.W.2d 228, 231 (Mo.App.1990). "It preserves nothing for review." *Id.*

■ Petitioner's remaining point, point III, asserts that the trial court erred by requiring petitioner to assume the burden of proof to show that he would not be sexually dangerous or, in the language of the applicable statute, to show that he "ha[d] improved to the extent that his release [would] not be incompatible to the welfare of society." § 632.475.2, RSMo 1986. Petitioner argues that the burden of proof should have been upon "the state to show that [petitioner] would be sexually dangerous if released, and the state did not meet its burden." This issue was resolved contrary to petitioner's claim in *State v. Seidt*, 805 S.W.2d 737 (Mo.App.1991). The western district of this court held at l.c. 738–39:

> [T]he party asserting the affirmative of the issue bears the burden of proof. *Michaelson v. Wolf*, 364 Mo. 356, 261 S.W.2d 918, 924[5] (Mo.1953). When Seidt filed a petition for release, he was asserting the affirmative of the issue and the burden was on him to prove the ground for release.

*See also People v. Sweeney*, 114 Ill.App.2d 81, 251 N.E.2d 897, 900 (1969). Petitioner's third point is denied. The trial court's order denying release of petitioner is affirmed.

CROW, P.J., and SHRUM, J., concur.

---

gest that petitioner's counsel carefully review Rule 84.04(d) and the detailed explanation of its requirements that is set out in *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978), in that the "points relied on" contained in petitioner's brief are anything but a model for future practice before appellate courts.