**STATE of Missouri ex rel. E.I. du PONT de NEMOURS AND COMPANY, INC., Relator,**

**v.**

**Honorable Thomas C. MUMMERT, III, Judge of the Circuit Court of the City of St. Louis, Respondent.**

No. 66843.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 27, 1994.

John H. Quinn, III, Richard L. Saville, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for relator.

Drew C. Baebler, Bauer & Baebler, St. Louis, for respondent.

CRANE, Presiding Judge.

Relator, E.I. du Pont De Nemours and Company, Inc. (du Pont), seeks a writ of prohibition barring respondent, the Honorable Thomas C. Mummert, III, from proceeding with a personal injury and products liability action in the City of St. Louis, denominated Clark *et al.* v. E.I. du Pont de Nemours and Company, Inc. *et al.*, on the ground that plaintiffs improperly acquired venue in the City of St. Louis by pretensively joining an individual, John H. Carson as a defendant. Because a cause of action remains against another individual defendant, even though the petition was dismissed as to him, we cannot grant the relief requested and therefore vacate our preliminary writ as improvidently granted and deny the petition for a permanent writ.

In the underlying action brothers David Clark and Dewey Clark allege they suffered personal injuries when they sprayed Benlate® on a peach orchard owned by their mother, Ludy Clark, in Butler County, Missouri after March 17, 1991. Ludy Clark alleges property damage to her orchard as a result of the Benlate® application. Benlate® is a fungicide manufactured by du Pont and was sold by Carson Chemical Company.

On February 22, 1993 Ludy Clark brought a property damage action in Scott County for property damages against du Pont and Carson Chemical. Du Pont is a foreign corporation which maintains a registered agent for service of process in the City of St. Louis. Carson Chemical is a Missouri corporation which does business in Sikeston, Missouri. On December 30, 1993 plaintiffs Ludy Clark, David Clark and Dewey Clark filed an action in the City of St. Louis for property damage and personal injuries against du Pont; Carson Chemical; John Carson, the president and an employee of Carson Chemical; and Larry Garrett, an employee of du Pont. On January 11, 1994 Ludy Clark dismissed her Scott County petition.

On March 9, 1994 du Pont filed a motion, supported by affidavits, to dismiss for improper venue on the grounds that the two individual defendants, Carson and Garrett, were pretensively joined. Plaintiffs filed verified suggestions in opposition to the motion with supporting affidavits. On May 4, 1994 the trial court granted du Pont's motion to dismiss "based on the pleading only" and gave plaintiffs leave to amend their petition "to plead specifically the involvement of the individual defendants to the tort alleged."

Plaintiffs filed their First Amended Petition alleging the individual defendants had actual or constructive knowledge of the risks of using Benlate.® On July 6, 1994 du Pont filed its Second Motion to Dismiss for Improper Venue, again with supporting affidavits. On August 9, 1994 the court denied the motion as to Carson. It dismissed Garrett as a defendant and granted plaintiffs twenty days to file a second amended petition with respect to Garrett. Plaintiffs did not file a second amended petition or obtain a time extension within twenty days.

On September 16, 1994 du Pont filed a petition in this court seeking a writ of prohibition. We granted a preliminary writ.

■ Where an action is brought only against corporate defendants and there are no individual defendants, the corporate venue statute applies. It provides that venue is proper in the county where the cause of action accrued or in any county where such corporations keep an office or agent for the transaction of their usual and customary business. § 508.040 RSMo (1986). "Agent" as used in this statute does not include a registered agent for the service of process. *State ex rel. Coca Cola Bottling Co. of Mid–America v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984).

■ However, if there are one or more individual defendants, the general venue statute, § 508.010 RSMo (1986), applies. Subsection (3) specifically provides that when there are several defendants, some Missouri residents and other non-residents, the suit may be brought in any county wherein any defendant resides. § 508.010(3) RSMo (1986). For purposes of the general venue statute, a corporate defendant can reside in the county where its registered agent is maintained. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 198 (Mo. banc 1991).

■ Du Pont argues that plaintiffs pretensively joined Carson as a defendant in order to take advantage of the general venue statute and bring the action in the City of St. Louis. We do not reach the merits of this issue. Even if we were to find that plaintiffs pretensively joined Carson, we could not grant the requested relief, which is to transfer the action to another venue, because a cause of action is still pending against Garrett, the other individual defendant, in the City of St. Louis. Although the trial court dismissed Garrett and plaintiffs did not file a second amended petition against him within the time allowed by the court, these are only two of the four steps which must be taken to result in the dismissal of the cause of action against Garrett under Rule 67.06. *Houck by Houck v. Morrow,* 786 S.W.2d 604, 607 (Mo. App.1990); *see also, L.S.L. Systems, Inc. v. Monsanto Corp.,* 723 S.W.2d 939, 941 (Mo. App.1987); *State ex rel. Graves v. House,* 649 S.W.2d 498, 500–01 (Mo.App.1983). In order to have effected the dismissal of the cause of action against Garrett, du Pont must also have filed a motion for final judgment of dismissal, as set out in the second sentence of Rule 67.06, and the court must have entered a final judgment of dismissal with prejudice. *Houck,* 786 S.W.2d at 607; *L.S.L. Systems,* 723 S.W.2d at 941; *Graves,* 649 S.W.2d at 500–01. Du Pont did not move for final judgment of dismissal with respect to Garrett. Accordingly, the cause of action against him is still pending in the City of St. Louis and du Pont's request for relief is premature.

We vacate our preliminary writ of prohibition as improvidently granted. The petition for a permanent writ is denied.

GRIMM, C.J., and KAROHL, J., concur.