STATE ex rel., NORANDA ALUMINUM, INC., Relator,

v.

The Honorable David C. MANN, Associate Circuit Judge, Respondent.

No. 16593.

Missouri Court of Appeals, Southern District, Division Two.

April 30, 1990.

Motion for Rehearing or Transfer to Supreme Court Denied May 17, 1990.

Lawrence H. Rost, New Madrid, Clifton A. Lake, Nanette R. Everson, McBride Baker & Coles, Chicago, for relator Noranda Aluminum, Inc.

James E. Reeves, Caruthersville, for respondent.

PER CURIAM.

In this prohibition proceeding, Rule 97,[1] relator filed a petition in prohibition against The Honorable David C. Mann, Associate Circuit Judge, respondent, seeking relief from an order entered by respondent on September 18, 1989, permitting entry upon the land of relator "for inspection and videotaping" by Stella Hulshof and Robert Hulshof and their representatives. The order was issued in an underlying proceeding in which the Hulshofs were plaintiffs and relator was one of two defendants. In the underlying proceeding, plaintiffs sought damages for injuries to crops on their farm allegedly caused by the discharge of relator's "treated waste water." On October 27, 1989, this court issued its preliminary order in prohibition.

Rule 84.24, dealing with procedure as to original writs, provides, in pertinent part, "If the writ be issued, briefs shall be filed as is required on appeals. The brief of the relator shall be filed within 30 days from the answer date in the preliminary order."

The answer date in the preliminary order was November 15, 1989. On December 18, 1989, relator filed, out of time, a document entitled "Brief of Relator in Support of Petition for Writ of Prohibition." This so-called brief fails to comply with Rule 84.04, dealing with the requirements for briefs. Contrary to that rule, the so-called brief contains no jurisdictional statement, no statement of facts, and no points relied on. At best, it consists merely of a rambling argument which itself does not comply with Rule 84.04(e) dealing with argument. That rule provides, in part, that "the argu-

ment shall substantially follow the order of 'points relied upon.'"

Rule 84.13(a) provides, in pertinent part, "Allegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Although this is not a civil appeal, there has been no compliance with Rule 84.04 or Rule 84.24.

By reason of the belated filing of the defective brief, this court, in the exercise of its discretion, quashes the preliminary order in prohibition and dismisses this proceeding. It is so ordered.

All concur.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.