STATE of Missouri, Relator,

v.

The Honorable Ray GORDON, Associate Circuit Judge of the Circuit Court of McDonald County, Missouri, Respondent.

No. 18200.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 15, 1992.

Sarah L. Luce, Neosho, for relator.

Larry Maples, Joplin, for respondent.

MONTGOMERY, Presiding Judge.

This is a prohibition proceeding under Rule 97.[1] Relator filed a Petition for Writ of Prohibition against the Honorable Ray Gordon, Associate Circuit Judge, Respondent, seeking relief from an order entered April 22, 1992, directing the prosecuting attorney to obtain progress notes of Marilyn Nolan, psychiatrist[2] under contract to Division of Family Services, and to produce any statements in her notes to defense counsel per discovery request. The order was issued in an underlying proceeding, *State of Missouri v. Phillip Brown*, Case No. CR1 91 9FX, where defendant was charged with the crime of sodomy. On July 9, 1992, this Court issued its Preliminary Order in Prohibition.

Shortly after Relator's brief was filed, Respondent filed a motion to dismiss this proceeding due to Relator's lack of compliance with Rule 84.04(d). The motion correctly alleges both of Relator's points relied on fail to state "wherein or why the trial court's action is claimed to be erroneous." The motion was taken with the case and for reasons which follow, it must now be sustained.

By virtue of Rule 97.01, proceedings in prohibition in this Court "shall be as prescribed in Rule 84.22 to Rule 84.26, inclusive, and this Rule 97." Rule 84.24, dealing with procedure as to original writs, provides, in part, "If the writ be issued, briefs shall be filed as is required on appeals." Thus, briefs filed in a prohibition proceeding in this Court must comply with Rule 84.04. *See State ex rel. Noranda Aluminum, Inc. v. Mann*, 789 S.W.2d 497, 498 (Mo.App.1990).

Relator's brief presents two points relied on which we quote:

### I.

The Respondent has abused his discretion by ordering the Relator to provide delivery of all Division of Family Services records, juvenile files, and private psychologist reports to the defendant.

### II.

The Respondent has abused his discretion by ordering the Relator to release all of the doctor's personal notes, or alternatively disallowing her testimony, chilling the process of using professional medical help for victims of sexual crimes.

Rule 84.04(d) reads:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

The purpose of Rule 84.04(d) and the requirements for compliance are set forth in the leading case of *Thummel v. King*, 570 S.W.2d 679, 684–87 (Mo. banc 1978). A point relied on, after identifying the allegedly erroneous ruling of the trial court, must specify why the ruling was erroneous. *Id.* at 685. This requirement contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. *Id.* After stating why the ruling was erroneous, the point must then explain wherein the testimony or evidence gives rise to the ruling for which appellant contends. *Id.*

---

1. Rule references are to Missouri Rules of Court (1992), unless otherwise indicated.

2. In the briefs, both parties refer to Marilyn Nolan as a psychologist. The record sheds no light on this inconsistency.

■ Both of Relator's points present only the bare assertion that Respondent "abused his discretion" regarding an order on certain discovery matters. The points are barren of any suggestion as to wherein or why the ruling was erroneous.

■ Relator's points suffer from another deficiency. Relator's Point I suggests Respondent ordered all Division of Family Services records and juvenile files be delivered to defendant. Point II indicates an order was entered disallowing testimony from Marilyn Nolan absent delivery of her personal notes to defendant. The only discovery order in the record before us has been set forth earlier in this opinion. Nothing in that order relates to production of Division of Family Services records, juvenile files, nor does it restrict testimony of Marilyn Nolan. Obviously, this Court cannot review an unmade order. On the other hand, if such rulings were made, it is the duty of Relator to provide us with a record containing everything necessary for our determination of the questions presented. *Coulter v. Michelin Tire Corp.*, 622 S.W.2d 421, 437 (Mo.App.1981), *cert. denied*, 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982). Otherwise, there is nothing before us to review. *Ingram v. Civil Serv. Comm'n*, 584 S.W.2d 633, 635 (Mo.App.1979).

■ The requirements of Rule 84.04(d) are mandatory. *Pickett v. Stockard*, 605 S.W.2d 196, 197 (Mo.App.1980). Rule 84.-13(a) provides, in part, that "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal...." Although this proceeding is not a civil appeal, Rule 84.24 requires that Relator's "brief[ ] shall be filed as is required on appeals," and Relator's brief fails to comply with Rule 84.04(d).

For the reasons mentioned, this Court, in the exercise of its discretion, quashes the Preliminary Order in Prohibition and dismisses this proceeding. It is so ordered.

FLANIGAN and PREWITT, JJ., concur.