**STATE of Missouri ex rel. REEDCRAFT MANUFACTURING, INC., d/b/a Outdoor Sports, Relator,**

v.

**The Honorable Greg KAYS, Judge of Division IV, Circuit Court of Laclede County, Missouri, Respondent.**

No. 21988.

Missouri Court of Appeals,
Southern District,
Division Two.

April 29, 1998.

Briegel Baylard, Christopher Jensen, St. Louis, for Relator.

Larry Winfrey, Jr., Lebanon, for Respondent.

BARNEY, Judge.

Relator Reedcraft Manufacturing, Inc. d/b/a Outdoor Sports (Relator), seeks a writ of prohibition or, alternatively, a writ of mandamus, directing Judge Greg Kays (Respondent) to either dismiss the underlying action or transfer the venue of said action from Laclede County to Franklin County.

On December 9, 1997, this Court issued a preliminary order in prohibition which forbade Respondent from taking any further action in the underlying cause other than to transfer venue.

## I.

The plaintiff in the underlying action and Relator entered into a contract in late 1996. The terms of the contract are not discernable from the very sparse record before this Court. We nonetheless glean from the legal file and the briefs that Relator agreed to purchase certain items from the plaintiff for a contract price of $6,685.00. The contract was formed in Laclede County and the goods to be purchased were manufactured in Laclede County. After the plaintiff manufactured the goods and shipped them to Relator in Franklin County, Relator refused to tender payment.

The plaintiff then filed suit for breach of contract in Laclede County. Relator filed a motion to transfer venue because it maintained that the cause of action accrued in Franklin County. The circuit court denied the motion to transfer venue and Relator sought a writ of prohibition in this Court.

The sole issue in this matter is whether venue is proper in Laclede County, where suit was filed, or in Franklin County, where Relator alleges venue is proper.

## II.

■ "Prohibition is a 'proper proceeding to test whether a judge is acting in excess of his jurisdiction because of improper venue.'" *State ex rel. Missouri Prop. & Cas. Ins. Gty. Ass'n v. Brown,* 900 S.W.2d 268, 271 (Mo. App.1995). If venue is improper in the county where the action is brought, prohibition lies to bar the trial court from taking any further action, other than to transfer the case to the county of proper venue. *State ex rel. Quest Commun. Corp. v. Baldridge,* 913 S.W.2d 366, 368 (Mo.App.1996). Similarly, mandamus, sought alternatively by Relator, is an appropriate remedy where a trial court fails to perform a ministerial act such as ordering the transfer of a case from a court of improper venue to a court of proper venue. *State ex rel. Domino's Pizza, Inc. v. Dowd,* 941 S.W.2d 663, 664 (Mo.App.1997).

■ Venue refers to the situs in which a court of competent jurisdiction may adjudicate an action. *Id.* at 664–65. The primary purpose of Missouri's venue statutes is to provide a convenient, logical and orderly forum for the resolution of disputes. *Id.* at 665. Venue in Missouri is determined solely by statute. *See* §§ 508.010–.072, RSMo 1994; *Quest Commun. Corp.,* 913 S.W.2d at 369.[1]

---

1. "[V]enue and jurisdiction are independent terms, having separate and distinct meanings.

Venue means the place where a case is to be tried, and jurisdiction relates to the power of the

### III.

Relator is a corporation and is the defendant in the underlying action. Section 508.040 provides that "[s]uits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." § 508.040, RSMo 1994; *State ex rel. E.I. du Pont de Nemours & Co. v. Mummert*, 890 S.W.2d 367, 369 (Mo.App. 1994). It is the former alternative basis for venue under section 508.040 that is at issue in the instant matter.

■ As a general rule, the place of the breach of contract, rather than the place of the making of the contract, fixes the place where a cause of action accrues. *Missouri Prop.*, 900 S.W.2d at 272; *State ex rel. McClain v. Heckemeyer*, 741 S.W.2d 734, 736 (Mo.App.1987). In suits for breach of contract for failure to pay money as agreed, and where the contract specifies where payment is to be received, failure or refusal to pay as agreed constitutes a breach of the contract at the place so designated, and the cause of action accrues there. *McClain*, 741 S.W.2d at 736; *Moherstadt v. Harry Newman, Inc., Motor Cars*, 204 Mo.App. 619, 217 S.W. 591, 592 (1920).[2]

Relator, relying upon *Missouri Prop. & Cas. Ins. Guaranty Ass'n v. Brown, supra*, avers that in a breach of contract suit where the contract's terms are silent regarding place of payment, "the cause of action accrues at the business office of the defendant, where the decision was made not to pay for the product or services received."

In *Missouri Prop.*, suit was brought by the plaintiffs against MIGA[3] in Cole County to recover unpaid insurance claims that MIGA refused to pay because the plaintiffs were non-Missouri residents. *Missouri Prop.*, 900 S.W.2d at 270. The plaintiffs' only basis for filing suit against MIGA in Cole County was because that was the county where the liquidation proceedings were being maintained against the insolvent insurance company. *Id.* MIGA filed a motion to dismiss plaintiffs' action and requested that the cause of action be transferred to St. Louis County because its only office for transacting business was located in St. Louis County. *Id.* After the motion was denied, MIGA sought a writ of prohibition so as to restrain the Circuit Court of Cole County from acting further and to "direct the Circuit Court to transfer the action to St. Louis County." *Id.* at 270–71. The Western District of this court held:

> Plaintiffs do not claim that MIGA engaged in wrongful conduct in Cole County. Rather, it is clear MIGA made the decision not to pay Plaintiffs' contested claims at its only business office in St. Louis County. Moreover, Respondent conceded during oral argument that MIGA's only contact with Cole County is the fact that MIGA has claims currently pending in the [insurance company] liquidation proceeding. These claims provide no basis for the instant suit, however. Therefore, the cause of action did not accrue in Cole County and venue is improper in Cole County under the general venue statute, section 508.040.

*Id.* at 272.

■ Relator, therefore, suggests to this Court that venue was conferred upon the Franklin County Circuit Court because Relator's decision to not pay the plaintiff was made in Franklin County. We agree.

In *Moherstadt*, 217 S.W. at 592. this Court stated that:

> [w]hile a number of cases dealing with the place of the accrual of the cause of action as fixing the proper venue have held that

court to hear and determine the case." *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991).

**2.** *See State ex rel. Marlo v. Hess*, 669 S.W.2d 291, 293 (Mo.App.1984)(exceptions).

**3.** MIGA is a nonprofit, unincorporated legal entity that was created by the Missouri General Assembly. *State ex rel. Missouri Prop.*, 900 S.W.2d at 269. MIGA was created to protect creditors, insureds, claimants and the public from losses resulting from the insolvency of insurance companies doing business in Missouri. *Id.* It accomplishes this purpose by paying certain unpaid "covered" claims under insurance policies written and issued by insurers who have become insolvent. *Id.*

the place of the breach of the contract rather than the place of its making is the proper venue, none have gone to the extent of holding that, where the breach consists in a mere refusal to pay and no place of payment has been made part of the obligation, then the place where the creditor resides or may be found when the refusal to pay is made is the place where the cause of action accrues and fixes the venue of the cause of action.

*Accord Lentz v. Evens & Howard Fire Brick Co.,* 223 Mo.App. 1017, 11 S.W.2d 1070,1071 (Mo.App.1928)(interpreting § 1180, RSMo 1919, a similar provision to § 508.040).

In reviewing the holding in *Moherstadt,* our brethren in the Western District of this court, in *Lee Holding Co. v. Wentzville Oil Co.,* 409 S.W.2d 210, 214 (Mo.App.1966), made the following observations:

> [W]hile recognizing the general rule that in the absence of a specific agreement, the law would imply that money due was to be paid at the residence of the creditor, [*Moherstadt* ]held that this rule would not fix the venue of a cause of action for money due under this [§ 508.040] venue statute. [*Moherstadt* ] found that where the cause of action was based' on failure to pay money due under a contract(not a negotiable instrument or similar commercial paper) such causes of action did not accrue at the residence of a creditor, but at the place of business of the debtor.

We, therefore, conclude that the trial court acted in excess of its jurisdiction in determining that the proper venue for this action was in Laclede County. *See Missouri Prop.,* 900 S.W.2d at 275. The preliminary order in prohibition is made permanent and the Respondent is directed to take no further action in the underlying case except to transfer it to the Circuit Court of Franklin County. *See id.*

PARRISH, P.J., and SHRUM, J., concur.