STATE of Missouri ex rel. FORD MOTOR COMPANY, Relator,

v.

The Honorable Henry W. WESTBROOKE, Jr., Circuit Court of Greene County, Missouri, Respondent.

No. 23055.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 29, 2000.

John F. Murphy, Steven D. Soden, Douglas W. Robinson, Shook, Hardy & Bacon L.L.P., Kansas City, for relator.

James A. Endicott, Venus V. Harry, William H. McDonald & Associates, P.C., Springfield, for respondent.

Before MONTGOMERY, P.J., PREWITT, J., and GARRISON, C.J.

PER CURIAM.

This is an original proceeding in prohibition which seeks to compel respondent judge to take no further action in this matter other than to dismiss it for improper venue or because of the doctrine of *forum non conveniens*. We issued our preliminary order in prohibition, which we now quash.

Hal Eltiste, Frances Eltiste, Rebecca Bremer and Leah Eltiste (collectively referred to as "Plaintiffs"), all residents of Nebraska, were involved in an automobile accident near Peru, Nebraska on May 22, 1994 while traveling in a 1991 Ford Aerostar van. They filed suit in the circuit court of Greene County, Missouri against Ford Motor Company ("Ford") and Heritage Ford, Inc. ("Heritage Ford") (now known as "Auburn Ford"), the dealer in Auburn, Nebraska which sold the van, alleging personal injuries and loss of consortium on theories of strict liability and negligence. In their petition, Plaintiffs alleged that Ford was a Delaware corporation authorized to do business in Missouri, and that Heritage Ford was a Nebraska corporation which "engages in business in the state of Missouri by advertising and selling vehicles to residents of this state."

Ford filed a motion to dismiss under the theories of improper venue and the doctrine of *forum non conveniens*, alleging that Auburn Ford is a Nebraska corporation with its principal place of business in that state, and that there was no allegation that it had any offices or agents in Greene County, Missouri or in the state as a whole. Ford also alleged that it is a Delaware corporation with its principal place of business in Dearborn, Michigan, and that it has no offices or agents in Greene County, Missouri. In support of its motion, Ford attached an affidavit from one of its engineers stating that the Ford van in question was manufactured at its assembly plant in St. Louis County, Missouri, and was purchased from a Ford dealership in Dearborn, Michigan; that it has no offices or agents in Greene County, Missouri for the transaction of its usual and customary business; and that its principal place of business is in Dearborn, Michigan. Although it is not part of the record before us in this case, it appears that Heritage Ford also filed a motion to dismiss.

Plaintiffs responded to the motion to dismiss by contending that Ford has assembly plants in St. Louis County, Missouri and Jackson County, Missouri, maintains a "governmental office" in Missouri, and that the Ford van involved in the subject accident was manufactured at Ford's assembly plant in St. Louis. Plaintiffs also contended that Ford Motor Credit Company ("Ford Credit") is a wholly owned subsidiary of Ford with an office for the conduct of its business in Springfield, Greene County, Missouri; that both Ford and Ford Credit list their principal business address as "The American Road" in Dearborn, Michigan; that Ford Credit provides wholesale financing and capital loans to Ford retail dealerships; that a substantial majority of all new vehicles financed by Ford Credit are manufactured by Ford; that Ford Credit and Ford have numerous agreements for their own mutual support and existence; and the two companies have an "intercompany tax sharing agreement." Both motions were overruled. Ford then filed the instant petition for writ of prohibition.[1]

■ In its first point relied on, Ford contends that under Section 508.040 [2] venue is improper in Greene County, Missouri because the cause of action accrued in Nebraska, Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan, Ford does not have or usually keep an office or agent for the transaction of its usual or customary business in Greene County, Missouri, and Auburn Ford is a Nebraska corporation with

1. We feel compelled to mention that "Respondent's Suggestions In Opposition To Relator's Petition For Writ Of Prohibition" is a single packet of papers approximately 3 1/4" thick, consisting of over 700 pages, but with no index and no ready means of identifying the exhibits included therein and referred to in the suggestions themselves. Likewise, the pages are not sequentially numbered. Although Rule 84.24 does not specifically include a requirement that attachments to suggestions filed in connection with an original remedial writ be indexed and contain identifying dividers, finding particular documents referred to in the suggestions such as those filed by Respondent can be unduly burdensome and time consuming on the court. Additionally, we note that Respondent's suggestions refer to an "Exhibit L" which we are unable to find in the voluminous packet of documents. In such circumstances, we suggest the use of indexes and identifying divid-

ers to assist the court in making a thorough review of the issues. Additionally, Respondent's brief encourages us to *"See "* various documents without providing information about where they can be found in the record. Other citations include: *"See* Exhibit "G" attached to Endicott's affidavit, Ford Credit's Form 10–K at pages 2 and 3 of 81"; *"See* Exhibit "H" attached to Endicott's affidavit"; *"See* Exhibit "G" attached to Endicott's affidavit, Ford's Form 10–K at pages 84 and 85 of 126"; etc. Such citations are of little help in locating the documents referred to. We also note that the last eight pages of the Suggestions consists of copies of the same page from the docket sheet.

2. All references to statutes are to RSMo 1994 and all references to rules are to Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

its principal place of business in Auburn, Nebraska. It challenges Plaintiffs' contention that venue is established by a Ford Credit office in Greene County, Missouri as incorrect and not supported by Missouri law.

 "Prohibition is a 'proper proceeding to test whether a judge is acting in excess of his jurisdiction because of improper venue.'" *State ex rel. Reedcraft Mfg., Inc. v. Kays*, 967 S.W.2d 703, 704 (Mo.App.S.D.1998) (quoting from *State ex rel. Missouri Prop. & Cas. Ins. Gty. Ass'n v. Brown*, 900 S.W.2d 268, 271 (Mo.App. W.D.1995)). If venue is improper in the county where the action is brought, prohibition lies to bar the trial court from taking any further action, except to transfer the case to the county of proper venue. *State ex rel. Quest Commun. v. Baldridge*, 913 S.W.2d 366, 368 (Mo.App.S.D.1996).

 Venue refers to the situs in which a court of competent jurisdiction may adjudicate an action. *Reedcraft*, 967 S.W.2d at 704. Venue is determined solely by statutes, and the primary purpose of such statutes is to provide a convenient, logical and orderly forum for the resolution of disputes. *Id.* Section 508.040 provides that "[s]uits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

It is undisputed that the cause of action did not arise in Greene County, Missouri, and that Ford does not have or usually keep an office or agent for the transaction of its usual and customary business in Greene County, other than the possibility, as argued by Respondent, that Ford Credit satisfies the latter portion of the § 508.040 test. The real issue is whether the relationship between Ford and Ford Credit is such that Ford Credit's office for the transaction of its usual and customary business in Greene County amounts to Ford's presence for venue purposes.

In *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 60 (Mo. banc 1993), the Court cited § 1 of the *Restatement (Second) of Agency* for the definition of agency: "[Agency is] the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." The Court explained that under the *Restatement* the essential characteristics of the agency relation are:

1) that an agent holds a power to alter legal relations between the principal and a third party; *Restatement (Second) of Agency § 12;*

2) that an agent is a fiduciary with respect to matters within the scope of the agency; *Restatement (Second) of Agency § 13;*

3) that a principal has the right to control the conduct of the agent with respect to matters entrusted to the agent; *Restatement (Second) of Agency § 14.*

*Id.*

Another leading case in this area is *State ex rel. Bunting v. Koehr*, 865 S.W.2d 351, 353 (Mo. banc 1993), where the Supreme Court cited with approval *Koehr* for the principal that traditional rules of agency articulated in the *Restatement (Second) of Agency* determine the existence of agency for venue purposes, and that the absence of any one of the three elements of agency under that definition defeats a claim that agency exists.

 Here, Ford argues that even though Ford Credit is its wholly owned indirect subsidiary, it is not its agent for venue purposes because, under the *Restatement* definition of agency, it had no power to alter legal relations between Ford and purchasers of Ford vehicles, and Ford Credit is not Ford's fiduciary.[3]

**3.** A fiduciary is defined as "one who acts primarily for the benefit of the principal."

Although Ford argues facts in its brief which, it contends, support its conclusion that the trial court erred in denying its motion to dismiss, those facts are not supported with citations to the record. The only citation to the record in support of a factual statement is a citation to an affidavit of Ford's design analysis engineer which stated that the vehicle in question was assembled at the Ford plant in St. Louis County and purchased from a Ford dealership in Dearborn, Michigan; that Ford's principal place of business is located in Dearborn, Michigan; and that "Ford does not have or keep any offices or agents within Greene County, Missouri for the transaction of its usual and customary business." All but the last statement is undisputed by the parties. In fact, whether Ford Credit's presence in Greene County is a viable basis for venue as to Ford is the real issue here. Ford's statement of facts in its brief, however, consists of merely a procedural history of the case, and the argument section of its brief contains no citations to the record supporting the statements of Ford in its brief.

■■■ "In a prohibition proceeding the burden is on the petitioning party to show that the trial court exceeded its jurisdiction, and that burden includes overcoming the presumption of right action in favor of the trial court's ruling." *State ex rel. Dixon v. Darnold*, 939 S.W.2d 66, 69 (Mo.App. S.D.1997). Briefs filed in prohibition proceedings in this court must comply with the requirements of Rule 84.04. Rule 84.24(i); *State v. Gordon*, 842 S.W.2d 577, 578 (Mo.App.S.D.1992). Rule 84.04(c) provides that the statement of facts in a brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." A statement of facts which provides nothing more than a procedural history of the case is deficient. *Murray v. Missouri Real Estate Comm'n*, 858 S.W.2d 238, 239 (Mo.App.S.D.1993). Rule 84.04(i) requires that the statement of facts and argument

portion of the brief "shall have specific page references to the legal file or the transcript." In cases involving original writs, the record consists of the petition together with the suggestions in support, any exhibits accompanying the petition, the writ and return of service, the answer, "and all other papers, documents, orders, and records filed in the appellate court." Rule 84.24(g). While the record in the appellate court in original writ cases does not necessarily include a transcript or legal file, it is apparent that the record provided in such cases should include such exhibits, papers, documents and records necessary to support the contention of the petitioning party.

In the instant case, Ford refers to facts which it contends support its contention that the trial court exceeded its jurisdiction in overruling its motion to dismiss, but those facts are, so far as the brief is concerned, unsupported by the record before us. Where briefs in original writ cases fail to comply with Rule 84, it is appropriate to quash a preliminary order in prohibition. *State ex rel. Noranda Aluminum, Inc. v. Mann*, 789 S.W.2d 497, 498 (Mo.App.S.D. 1990). Ford's first point must, therefore, be denied.

■■■ Ford's second point is:
Relator is entitled to an Order prohibiting Respondent from taking further action on this matter, because Respondent exceeded his jurisdiction by not dismissing this action under the doctrine of forum non conveniens, which authorizes the Court to dismiss an action, despite the existence of proper jurisdiction and venue, where the ends of justice would be best served by trial in another forum, in that Greene County, Missouri has no interest in nor connection to this litigation, Nebraska has every relevant connection and the greatest interest in resolving this matter, as Nebraska is where the cause of action accrued, the majority of the parties are residents,

*State ex rel. Domino's Pizza, Inc. v. Dowd*, 941 S.W.2d 663, 666 (Mo.App. E.D.1997).

where the witnesses are primarily located, and where the public has an interest in this action.

Pursuant to the doctrine of *forum non conveniens*, a trial court has discretion to refuse to exercise jurisdiction, even if there is proper jurisdiction and venue, if the forum is seriously inconvenient for the trial of the action, and if a more appropriate forum is available to plaintiff. *Anglim v. Missouri Pacific R.R. Co.*, 832 S.W.2d 298, 302 (Mo. banc 1992). Although there is not an all-inclusive list of factors which will justify or require either a grant or denial of a dismissal for *forum non conveniens*, some of the factors for consideration by the court include: (1) place of accrual of the cause of action; (2) location of witnesses; (3) residence of the parties; (4) any nexus with the place of the suit; (5) the public factor of the convenience to and burden upon the court; and (6) the availability to plaintiff of another court with jurisdiction of the cause of action affording a forum for plaintiff's remedy. *Id.* at 302–303.

The general rule is that as to a matter about which the court is entitled to exercise discretion, prohibition cannot prevent or control the manner of its exercise, so long as the exercise is within the jurisdiction of the court. *State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999). "However, if abuse of that discretion is so great as to be an act in excess of jurisdiction and is such as to create injury which cannot be remedied on appeal, prohibition may be appropriate." *Id.*

Discretionary rulings such as a ruling on a motion to dismiss for *forum non conveniens* are presumed correct, and the party contesting that ruling bears the burden of showing an abuse of discretion. *Anglim*, 832 S.W.2d at 303. In fact, the Missouri Supreme Court specifically rejected the idea that a plaintiff must bear the burden of justifying the choice of forum when the litigation is between out-of-state residents over causes of action that arose out of state. *Id.* at 305. The decision of the trial court denying a motion to dismiss for *forum non conveniens* is not to be disturbed unless the appellate court is firmly convinced of two propositions: (1) the appellate court must be convinced that the relevant factors weigh heavily in favor of applying the doctrine of *forum non conveniens;* and (2) the court must be convinced that permitting the case to be tried in Missouri would lead to an injustice because such trial would be oppressive to the defendant or impose an undue burden on Missouri courts. *Id.* at 303. *See also K–Mart*, 986 S.W.2d at 169.

In reviewing to determine whether the trial court abused its discretion in ruling a motion based on *forum non conveniens*, an appellate court is to consider only those facts that were before the trial court when it ruled on the motion to dismiss, and the evidence will be viewed in a light favorable to the result reached by that court. *Anglim*, 832 S.W.2d at 303. In the instant case, Ford refers to the following facts with supporting citations to the record: the accident happened near Peru, Nebraska; Plaintiffs are Nebraska residents; Auburn Ford is a Nebraska corporation with its sole place of business in Auburn, Nebraska; and Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan. Ford also refers to the affidavit of its design analysis engineer which states that Ford does not maintain any offices or agents in Greene County, Missouri. We are not referred to any portion of the record before us relating to any other relevant factual matter pertinent to the *forum non conveniens* inquiry. Particularly, we are not referred to any facts in the record concerning the location of pertinent witnesses; any nexus or lack thereof with the suit; the "public factor of the convenience to and burden upon the court"; or the matter of inconvenience to Ford.

It is the duty of the petitioning party to provide a record to support its contention

of abuse of discretion for the failure to sustain a motion to dismiss based on *forum non conveniens*. *Kuiper v. Busch Entertainment Corp.*, 845 S.W.2d 697, 699 (Mo.App. E.D.1993) (*Kuiper* involved a direct appeal after judgment and the failure to provide a transcript of the proceedings at which the complained of ruling was made. The fact that this is a case involving a remedial writ does not change the necessity that the record before the appellate court include the facts upon which the attack of the trial court's ruling is based.)

In *Anglim*, the plaintiff was also a Nebraska resident, the accident in question occurred in that state, and most witnesses were in Nebraska with the exception of plaintiff's treating doctor, who was in St. Louis were the suit was filed. The Missouri Supreme Court analyzed the facts of that case based on the six factors enumerated earlier and held that the trial court had not abused its discretion in denying the motion to dismiss for *forum non conveniens*. In doing so, it said that on factual matters the moving party has the initial burden of establishing relative inconvenience caused by such matters as the location of witnesses, and the mere fact that more witnesses are located in some other state does not conclusively establish the defendant's right to relief. 832 S.W.2d at 304.

As indicated in *Anglim*, one of the propositions which we must be firmly convinced of in order to disturb the trial court's ruling is that by permitting the case to be tried in Missouri, there would be an injustice because it would be oppressive to the defendant. *Id.* at 303. Ford argues, without factual citation to the record, that there are no witnesses with a connection to Greene County, Missouri; and that all of the eyewitnesses to the accident and Plaintiffs' treating physicians are located in Nebraska. As indicated, emphasis is on oppression to the defendant, as opposed to the plaintiff who chose the forum. Here, Ford has not provided facts which were before the trial court and which convince us that the matter of location of witnesses weighs heavily in favor of applying the doctrine of forum non conveniens, or that a trial in Missouri would be oppressive to it. We could reach that conclusion only through speculation and not based on a record supported by facts.

 Concerning the issue of "nexus with the place of suit," Ford argues that it should be considered with reference to Greene County and not the state as a whole. The Supreme Court in *Anglim*, however, examined that issue in terms of "Missouri" and not only the specific venue where suit was filed. 832 S.W.2d at 304. This is consistent with this court's statement, in *Friberg v. Chrysler Motors Corp.*, 786 S.W.2d 923, 925 (Mo.App.S.D.1990), that "the doctrine of forum non conveniens is that in certain limited circumstances the courts of one state, on a state-wide basis, may, in the exercise of discretion, refuse to entertain an action more appropriately heard in another state," and that the doctrine "is not properly applied to establish that within a state, venue is subject to the discretion of the court."

The residence of the defendant is also a factor for consideration concerning *forum non conveniens*. While the affidavit of the design analysis engineer states that Ford's principal place of business is Dearborn, Michigan, it does not speak to the level of Ford's activities in Missouri. See *Anglim*, 832 S.W.2d at 304.

Another of the factors for consideration is the convenience to and burden upon the court. As the Supreme Court said in *Anglim*, statistical data may be submitted to support a claim that the trial court's caseload is large, the extent of the congestion of the docket, taxpayer cost, jury time, and the necessity to interpret and apply the law of a foreign jurisdiction. 832 S.W.2d at 304. As the Court said in *Anglim*, however, "[n]o specific evidence of any undue burden on the court was offered at the motion hearing." *Id.* at 304–305. As far as we can tell from the record in the instant case, the same is true here.

■ We recognize that cases such as the instant one may be legitimate candidates for the application of *forum non conveniens* upon a proper showing. In this regard, we note, however, that consideration of such motions is fact intensive and the weight to be accorded any factor is dependent on the circumstances, with the result that such motions are primarily for the trial court's discretion. *Taylor v. Farmers Ins. Co., Inc.*, 954 S.W.2d 496, 500 (Mo.App.S.D.1997) (citing *Anglim*, 832 S.W.2d at 303). In *Taylor*, we also cited *Anglim* for the proposition that, in deciding whether to dismiss an action for *forum non conveniens*, the trial court necessarily must determine facts, and in doing so, weighs evidence and assesses credibility of witnesses as to the reasons given for selecting or opposing a particular forum. *Id.* Significantly, in *Taylor* we reversed the dismissal of an action for *forum non conveniens*, noting that there did not appear to have been a hearing conducted on the issue in the trial court, and the record did not contain factual information concerning a number of the factors for consideration in connection with such motions. *Id.* at 500–503.

■ Considering all of these matters together with the knowledge that the doctrine of *forum non conveniens* is to be applied with caution and only upon a clear showing of inconvenience and when the ends of justice require it (*Blankenship v. Saitz*, 682 S.W.2d 116, 117 (Mo.App.E.D. 1984)), we are compelled to the conclusion that the trial court did not abuse its discretion by denying Ford's motion on the basis of this doctrine. Based on the record presented to us in this case, we must deny this point.

The preliminary order in prohibition was improvidently granted and is, therefore, quashed.

PREWITT, J., concurs in result.