**CORRECTED OPINION**



## *MISSOURI COURT OF APPEALS*
### *WESTERN DISTRICT*

| | | |
|---|---|---|
| PETER LOEW AND | ) | |
| KATHY LOEW, | ) | WD85343 |
| | ) | |
| Appellants, | ) | OPINION FILED: April 4, 2023 |
| v. | ) | |
| | ) | |
| HEARTLAND TROPHY | ) | |
| PROPERTIES, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Putnam County, Missouri**
**Honorable Steven Daniel Hudson, Judge**

**Before Division Four: Gary D. Witt, Chief Judge,**
**Alok Ahuja, Judge and Janet Sutton, Judge**

Peter and Kathy Loew (the Loews) appeal from the judgment of the Putnam County Circuit Court (circuit court) that granted Heartland Trophy Properties, Inc.'s (Heartland) motion to transfer venue, and thereby dismissed, without prejudice, an action involving the Loews' petition seeking a declaratory judgment. The circuit court also denied the Loews' request for sanctions. We affirm in part, reverse in part, and remand for further proceedings consistent with our ruling today.

**Factual and Procedural Background**

In 2019, the Loews, Missouri real estate agents, entered into identical real estate agent and noncompete agreements with Heartland. On September 4, 2020, the Loews filed a petition

in Putnam County seeking a declaratory judgment to void the noncompete agreements. On October 12, 2020, Heartland filed an answer, affirmative defenses, counterclaims, petition for preliminary and permanent injunctions, and a temporary restraining order. Heartland's counterclaims included, among others, claims for breach of contract, breach of fiduciary responsibilities, breach of the duty of loyalty, misappropriation of trade secrets and confidential business information, and interference with prospective business advantage.

Following briefings from the parties, on February 26, 2021, the circuit court indicated in a docket entry that Heartland's application for a temporary restraining order was denied, and the court requested the Loews submit a proposed order. It does not appear, however, that the circuit court entered an order on its decision regarding the temporary restraining order.

On April 13, 2021, Heartland filed a petition in Appanoose County, Iowa, for the same relief it sought in its claims pending in Putnam County, Missouri, including, but not limited to, its request for a temporary injunction. The petition did not include the fact that the Putnam County, Missouri, action was pending. In early May 2021, in the Appanoose County, Iowa, action, the Loews filed a motion to dismiss, or in the alternative, motion to stay the proceedings until the Putnam County, Missouri, lawsuit was resolved. In late June 2021, the Iowa matter was stayed pending resolution of the matter in Putnam County, Missouri. At some point the Iowa court lifted the stay at Heartland's request. However, in May 2022, the Iowa court vacated its earlier order lifting the stay, and stated that it "rel[ied] on the representations made [by Heartland] [and] understood the Missouri [l]awsuit had been fully resolved" and concluded that the judgment entered in Putnam County, Missouri, was not final.[1]

---

[1] We cannot be certain of the current status of the Appanoose County, Iowa, case as we do not have a full record of the proceedings or the case filings. We only have certain pleadings and court orders in the record on appeal.

On September 30, 2021, approximately one year after being previously served with the Loews' petition in the Putnam County, Missouri, action, Heartland filed a motion titled "Motion for Leave & Transfer of Venue." This was the first time that Heartland lodged an objection to venue in Putnam County, Missouri. In its motion, Heartland sought a change of venue to Appanoose County, Iowa, under Rule 51.045,[2] arguing that venue was proper in Iowa, and that "[g]ood cause exist[ed] for the amending of pleadings and the change of venue" because the Loews "let their claims languish." Heartland also argued that Appanoose County, Iowa, was the proper convenient forum for the dispute under a *forum non conveniens* analysis. Putnam County, Missouri, and Appanoose County, Iowa, adjoin one another and the courthouses are less than twenty-five miles apart.

On October 20, 2021, the Loews filed their opposition to Heartland's motion to transfer venue that also included a request for sanctions. In mid-December 2021, the Loews filed a supplemental response to Heartland's motion to transfer venue in which they again combined their request for sanctions.

On April 6, 2022, the circuit court granted Heartland's motion to transfer venue. The circuit court denied the Loews' request for sanctions, finding their request insufficient under Rule 55.03 because it did not adequately describe the alleged violations forming the basis for sanctions and it was not filed as a separate motion. The circuit court, appearing to rely on both Rule 51.045 and *forum non conveniens,* concluded that Appanoose County, Iowa, was the proper venue for resolution of the case and that "'[c]hanging venue to Iowa is convenient for both parties and vests all questions of law and fact in the venue best positioned to apply the relevant

---

[2] All rule references are to the Missouri Supreme Court Rules (2021).

3

procedural and substantive law pursuant to the contract which is the basis for th[e] action.'" Specifically, the judgment included the following language:

> The [c]ourt based upon the above hereby sustains and grants [Heartland's] Motion for Leave and Transfer of Venue; the [c]ourt orders that the [Loews'] Petition filed herein is hereby dismissed without prejudice; The [c]ourt orders that the proceedings herein move forward in the proper venue of the Appanoose County, Iowa[,] District Court.

The circuit court's judgment did not specifically address Heartland's counterclaims.

The Loews appeal.

## Legal Analysis

After the Loews filed their notice of appeal and legal file, we requested both parties file suggestions as to why we should not dismiss the appeal because the circuit court's judgment may not be final and appealable.

Heartland responded in a letter that we should dismiss the appeal because the judgment is not a final judgment as it did not resolve the pending counterclaims and did not certify the case for appeal. Heartland did not file a motion to dismiss the appeal. The Loews responded in a letter and also addressed the issue in their first point relied on in their brief. The Loews contend that the circuit court's judgment constituted a final judgment because it addressed Heartland's counterclaims by transferring the entire case to another jurisdiction and the court's dismissal had the practical effect of terminating the litigation in the form cast or in their chosen forum. The issue was taken with the case.

We agree with the Loews that the circuit court's judgment constituted a final, appealable judgment. It is clear from the language used by the circuit court that it was dismissing the entire action because of the references in the judgment to "this case," "this matter," and "this action." Additionally, the circuit court ordered "that *the proceedings herein* move forward in the proper venue of the Appanoose County, Iowa District Court." (Emphasis added). The circuit found that

4

the "'proper venue for the resolution *of this case* is Appanoose County, Iowa.'" (Emphasis added).  That paragraph goes on to note that "'[t]his case'" also involves "'rights that [Heartland] may have regarding injunctive relief'"—a plain reference to one of Heartland's counterclaims. *See Sextro v. Burkey,* 950 S.W.2d 523, 524 (Mo. App. E.D. 1997) (stating that a trial court's order necessarily dismissed a defendant's counterclaim based on the trial court's usage of the words "this cause" and common usage of the word "cause" to include the entire action, including counterclaim).

"Dismissals without prejudice call into question whether there is a final, appealable judgment." *Jeschke AG Serv., LLC v. Bell*, 652 S.W.3d 305, 310 (Mo. App. W.D. 2022). "However, an appeal from a dismissal without prejudice can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." *Id.* (citation omitted).  And, as relevant to this case, "an order dismissing a plaintiff's cause of action, on the basis of *forum non conveniens* is a final order subject to review by an appellate court." *Taylor v. Farmers Ins. Co., Inc.,* 954 S.W.2d 496, 499 (Mo. App. S.D. 1997); *Herchert v. Marriott Corp.,* 867 S.W.2d 230 (Mo. App. E.D. 1993*)*.  Here, the circuit court based its dismissal without prejudice, at least in part, on *forum non conveniens*, which had the effect of terminating the case in the Loews' chosen forum.  Having determined that the circuit court's judgment is final and appealable, we now turn to the merits of the appeal.

On appeal, the Loews contend that the circuit court erred in granting Heartland's motion to transfer venue to Appanoose County, Iowa, on the basis of improper venue and in dismissing their petition without prejudice because Heartland's motion to transfer venue was untimely and that Heartland waived its improper venue claim.  The circuit court's judgment granting Heartland's motion to transfer venue and its dismissal of the Loews' petition without prejudice

5

was based on Rule 51.045 and the doctrine of *forum non conveniens*, neither of which provide a legal basis for transfer of venue in this case and at this point in time.

**Circuit Court's Grant of Heartland's Motion to Transfer Venue Based on Rule 51.045 and Dismissal without Prejudice of the Action**

Heartland's motion to transfer venue was based on two different theories, first, Rule 51.045, which outlines the procedure for transfer within Missouri based on improper venue, and second, the doctrine of *forum non conveniens*. In its motion, Heartland identified Iowa as the proper "convenient" forum for the action and requested the court grant its motion to transfer venue and to dismiss the Loews' petition. Heartland requested the circuit court order the proceeding to move forward in Appanoose County, Iowa, under Heartland's petition which contained the same claims that were pending in Putnam County, Missouri.

Heartland's motion to transfer venue was untimely and did not allege good cause for the late filing. Heartland was served with the Loews' petition on September 14, 2020. Heartland did not file its motion to transfer venue until September 30, 2021, over ten months late. Rule 51.045(a) states that a motion to transfer, which alleges an alternative, proper county and explains the basis for venue, must be filed by the party alleging improper venue within 60 days of service. *See State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 702 (Mo. banc 2020); *State ex rel. Schwarz Pharma, Inc. v. Dowd*, 432 S.W.3d 764, 768-69 (Mo. banc 2014). Rule 51.045(a)(2) states, "If a motion to transfer venue is not timely filed, the issue of improper venue is waived." By its late filing, Heartland waived its venue objection and the circuit court had no authority to grant the motion to transfer venue.

Additionally, the circuit court lacked authority to grant Heartland's motion to transfer venue from Putnam County, Missouri, to Appanoose County, Iowa, under Rule 51.045. Heartland could have challenged venue by filing a motion to dismiss under section 508.010.15

6

which provides: "[i]f the county where the plaintiff's claim is filed is not a proper venue, that plaintiff shall be transferred to a county where proper venue can be established. If no such county exists in the state of Missouri, the claim shall be dismissed without prejudice." § 508.010.15, RSMo (2019).

Heartland sought transfer of the case to its chosen forum, Appanoose County, Iowa, which it claimed was proper and more convenient because it stated Heartland was an Iowa corporation, with a business office in Iowa, the contract contained an Iowa choice of law provision, and that the claims were at issue in existing Iowa proceedings. This is not how the venue rules operate. While a plaintiff does not have an "unlimited right" to select the forum, "a plaintiff's freedom to select a forum is significant." *Barrett v. Mo. Pac. R.R. Co.*, 688 S.W.2d 397, 399 (Mo. App. E.D. 1985) (citation omitted). Here, venue was proper in Putnam County under § 508.010.2(4), because the defendant, an Iowa corporation, was a nonresident of Missouri. Heartland never claimed that venue was incorrect in Putnam County, Missouri. Additionally, we note that the "existing Iowa proceedings" were initiated *after* the Loews filed their petition in Putnam County, Missouri, and were filed *after* the circuit court denied Heartland's request for a temporary restraining order.

The circuit court had no legal authority to grant Heartland's motion to transfer venue to an out-of-state location based on an untimely filed motion under Rule 51.045.

### Forum Non Conveniens

In Heartland's untimely motion to transfer venue, Heartland identified Appanoose County, Iowa, as the "proper convenient" forum for the dispute, citing the doctrine of *forum non conveniens*. In its motion, Heartland contended that its original business office was located in Centerville, Iowa, that it is an Iowa corporation, the action was based on an Iowa contract, and

7

that Appanoose County, Iowa, is directly adjacent to Putnam County, Missouri. Heartland then concluded that the Iowa venue is

> convenient to resolve questions of Iowa substantive and procedural law which are central to the [a]greement at issue in the matter as well as any rights Heartland may have regarding injunctive actions. The Appanoose County District Court has jurisdiction over the Loews since they entered into the [a]greement with the Iowa corporation from that county.

In its judgment, the circuit court concluded that the doctrine of *forum non conveniens* and consideration of the necessary factors supported the conclusion that "'proper venue for the resolution of this case is in Appanoose County, Iowa,'" and that it would be "totally impractical" for a Missouri court to hear the matter and apply Iowa law. The court stated that Heartland's original business office is in Appanoose County, Iowa, that Heartland is an Iowa corporation, and that Appanoose County, Iowa, is "convenient to resolve questions of Iowa substantive and procedural law" and that the Loews would not be prejudiced by this "change in venue." The court concluded that "'[c]hanging venue to Iowa'" was convenient for both parties.

The circuit court based, at least in part, its decision to grant Heartland's motion to transfer venue and its dismissal without prejudice on the doctrine of *forum non conveniens*. The circuit court's judgment included the following language: "The doctrine of *forum non conveniens* supports that proposition that a Missouri [c]ourt is permitted to *allow transfer of venue to other states* and in consideration of the *forum non conveniens* factors" set forth in *State ex rel. Chicago, Rock Island & Pac. R.R. Co. v. Riederer*, 454 S.W.2d 36 (Mo. banc 1970) (Emphasis added). The circuit court incorrectly applied the doctrine of *forum non conveniens* to support its grant of Heartland's motion to transfer venue and the resulting dismissal of the action.

The doctrine of *forum non conveniens* permits a trial court to dismiss an action if the forum is seriously inconvenient and there is a more appropriate forum available to the plaintiff, even if venue and jurisdiction are otherwise proper. *Adkins v. Hontz*, 280 S.W.3d 672, 676 (Mo.

8

App. W.D. 2009); *Campbell v. Francis*, 258 S.W.3d 94, 97 (Mo. App. W.D. 2008). "The doctrine is to be applied with caution and only upon a 'clear showing of inconvenience and when the ends of justice require it.'" *Campbell*, 258 S.W.3d at 97 (quoting *State ex rel. Ford Motor Co. v. Westbrooke*, 12 S.W.3d 386, 394 (Mo. App. S.D. 2000)). "[A] plaintiff's choice of forum is not to be disturbed except for 'weighty reasons' and the case should be dismissed only if the 'balance is strongly in favor' of the defendant." *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 220 (Mo. banc 2008) (quoting *Anglim v. Mo. Pac. R. Co.*, 832 S.W.2d 298, 302 (Mo. banc 1992)).

A trial court should weigh six important, but non-exclusive, factors in determining whether a suit should be dismissed on the grounds of an inconvenient forum. *Riederer*, 454 S.W.2d at 39; *Wyeth*, 262 S.W.3d at 220. They are: (1) the place where the cause of action accrued; (2) the location of witnesses; (3) the residence of the parties; (4) any nexus with the place of suit; (5) the public factor of the convenience to and burden on the court; and (6) the availability to the plaintiff of another court with jurisdiction over the cause of action that affords the plaintiff a forum for his or her remedy. *Riederer,* 454 S.W.2d at 39. "The defendant has the burden of establishing all factors supporting a claim that a Missouri court is an inconvenient forum." *Wyeth*, 262 S.W.3d at 228 (Clark, J., concurring) (citation omitted).

"In deciding whether to dismiss [for *forum non conveniens*], a trial court necessarily must determine facts and, in doing so, weighs evidence and assesses the credibility of witnesses as to the reasons given for selecting or opposing a particular forum." *Anglim*, 832 S.W.2d at 303. To the extent that the circuit court dismissed the Loews' petition based on *forum non conveniens*, the circuit court's conclusions on the factors were framed by Heartland's assertions only and not supported by any evidence.

9

In its motion, Heartland did not allege any substantial inconvenience, where witnesses were located, or whether any witnesses would be inconvenienced by allowing the case to proceed in Putnam County, Missouri. Heartland did not address other *Riederer* factors such as any "nexus" with the place of the suit, or the residence of the parties, specifically, the Loews. Heartland admitted in its motion that the performance of the agreement took place in both Iowa and Missouri and that there was no venue provision established in the contract between the parties.

Similarly, the circuit court in its judgment concluded, without any evidence in support, that Appanoose County, Iowa, is "convenient for both parties" but the circuit court did not make any findings about the inconvenience of the Loews' chosen forum of Putnam County, Missouri. Additionally, the circuit court stated it would be "impractical" for a Missouri court to hear the matter and apply Iowa law. "Missouri courts are capable of applying the laws of other states without creating an undue burden on the court system." *Taylor*, 954 S.W.2d at 502. "The mere fact that the trial court must apply a foreign jurisdiction's law to an action does not burden the court enough to support a dismissal." *Campbell*, 258 S.W.3d at 99.

Heartland failed to establish that the *Riederer* factors weighed heavily in its favor, and the circuit erred in dismissing the action on the basis of Iowa being a more "convenient" venue for the parties.

In addition to the *Riederer* factors, we also consider "whether trial in Missouri would be oppressive to the defendants" or would impose an "undue burden on Missouri courts." *Wyeth*, 262 S.W.3d at 220-21; *Anglim*, 832 S.W.2d at 303. "[T]here are two primary considerations in the *forum non conveniens* analysis. In determining whether the forum is inconvenient, courts shall consider both the private interests of the litigants and the public interest factors." *Wyeth*,

10

262 S.W.3d at 220. Heartland failed to allege or demonstrate that permitting the case to proceed in Putnam County, Missouri, would be oppressive or pose an undue burden on Missouri courts. *See Anglim*, 832 S.W.2d at 304 (stating that a party may submit statistical data to support a claim that a trial court's caseload is so congested that the case cannot be expeditiously litigated in the jurisdiction where the case was originally filed).

Further, Heartland has not shown that the Loews' filing and maintenance of the suit in Missouri was for the purpose of vexing, oppressing, or harassing Heartland, which the doctrine of *forum non conveniens* was intended to prevent. *See Anglim*, 832 S.W.2d at 302.

The *forum non conveniens* factors do not weigh heavily in favor of dismissal and Heartland failed to establish that permitting the case to be tried in Putnam County, Missouri, would be oppressive to Heartland or would impose an undue burden on a Missouri court. The circuit court erred in dismissing the action on the basis of *forum non conveniens*.

Point II is granted.

### Loews' Request for Sanctions

In their last point on appeal, the Loews contend that the circuit court erred in failing to sanction Heartland because Heartland unnecessarily created duplicative lawsuits in Iowa and Missouri and that Heartland filed such separate suits for the unethical purpose of raising litigation costs.

Rule 55.03(d)(1)(A) provides, in part: "A motion for sanctions under this Rule 55.03 shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate Rule 55.03(c)." Here, the Loews combined their objection to Heartland's motion to transfer venue with their request for the circuit court to impose sanctions on Heartland.

11

The Loews' request for sanctions was not filed separately from any other motion or request. The Loews' request for sanctions "clearly contravenes the specific requirements and procedure of Rule 55.03, that the motion seeking sanctions be made separately from any other motion or request. The violation of the explicit procedural requirements of this rule denies the trial court of any authority to impose sanctions." *Williams v. Frymire*, 186 S.W.3d 912, 923 (Mo. App. S.D. 2006). *See also Robin Farms*, *Inc. v. Bartholome*, 989 S.W.2d 238, 250 (Mo. App. W.D. 1999). Here, the circuit court did not have any authority to impose sanctions because of the Loews' violation of the explicit procedural requirements of Rule 55.03, and therefore it did not err in failing to impose sanctions. Point III is denied.

## Conclusion

We affirm in part, reverse in part, and remand to the circuit court for further proceedings consistent with our ruling today.

_____
Janet Sutton, Judge

Gary D. Witt, Chief Judge, Alok Ahuja, Judge concur.